WALEY *v.* JOHNSTON, WARDEN.

No. 1006. Decided April 27, 1942.

102

*Harmon Metz Waley, pro se.*

*Solicitor General Fahy, Assistant Attorney General Berge,* and *Mr. Oscar A. Provost* for respondent.

PER CURIAM.

Petitioner filed his petition for *habeas corpus* in the District Court, alleging upon oath that he had been coerced, by intimidation and threats by an agent of the Federal Bureau of Investigation, to plead guilty to an indictment for kidnaping, and that he is held in custody by respondent under the consequent judgment of conviction and commitment.

The petition stated generally that threats of Federal Bureau of Investigation agents to throw petitioner out of a window and "beat me up" "didn't bother me." But it specifically alleged that petitioner's plea of guilty had been induced by the threats of a named Federal Bureau of Investigation agent to publish false statements and manufacture false evidence that the kidnaped person had been injured, and by such publications and false evidence to incite the public and to cause the State of Washington to hang the petitioner and the other defendants.

The District Court ordered respondent to show cause why a writ should not issue, and appointed counsel to represent petitioner. Respondent's return to the order included certified copies of the docket entries, indictment, transcript of proceedings on arraignment, entry of plea, judgment and sentence, and commitment papers. The transcript discloses that the trial court had explained to petitioner his right to be assisted by counsel and had appointed counsel who represented him at the trial. The return also included an affidavit of a special agent of the Bureau of Investigation, not the one mentioned in the petition, stating that petitioner, in affiant's presence, voluntarily signed two statements confessing his guilt, and that no threat or promise to petitioner of any kind was made in affiant's presence. The return made no denial of the allegations of coercion specifically set forth and relied on in the petition.

The District Court denied the application for the writ without hearing evidence and without directing the production of the prisoner in court. It concluded that the allegations of coercion by threatening to publish false statements and manufacture false evidence were inconsistent with petitioner's statement that threats by Government agents to throw him out of the window and beat him up "didn't bother" him; that the transcript filed with the return showed that petitioner was neither "actuated nor induced by fear"; and that an earlier decision of the sentencing judge denying petitioner's application for a writ of *coram nobis* was *res judicata*.

The Court of Appeals for the Ninth Circuit affirmed the order of the District Court, 124 F. 2d 587. In view of the fact that petitioner when he pleaded guilty had been represented by counsel, a majority of the court thought he could not by *habeas corpus* attack his sentence on the ground that his plea was coerced. The opinion states that petitioner "waived the defense and the constitutional

right, if any he had, and cannot assert it now on *habeas corpus* proceedings." The case is before us on a motion of petitioner to proceed *in forma pauperis* on his petition for certiorari and the Government's confession of error. We grant the motion and the petition for certiorari.

The Government confesses error for the reason that the *habeas corpus* petition raises the material issue whether the plea was in fact coerced by the particular threats alleged which stand undenied on the record, and that upon that issue petitioner is entitled to a hearing in accordance with *Walker* v. *Johnston,* 312 U. S. 275.

True, petitioner's allegations in the circumstances of this case may tax credulity. But in view of their specific nature, their lack of any necessary relation to the other threats alleged, and the failure of respondent to deny or to account for his failure to deny them specifically, we cannot say that the issue was not one calling for a hearing within the principles laid down in *Walker* v. *Johnston, supra.* If the allegations are found to be true, petitioner's constitutional rights were infringed. For a conviction on a plea of guilty coerced by a federal law enforcement officer is no more consistent with due process than a conviction supported by a coerced confession. *Bram* v. *United States,* 168 U. S. 532, 543; *Chambers* v. *Florida,* 309 U. S. 227. And if his plea was so coerced as to deprive it of validity to support the conviction, the coercion likewise deprived it of validity as a waiver of his right to assail the conviction. *Johnson* v. *Zerbst,* 304 U. S. 458, 467.

The issue here was appropriately raised by the *habeas corpus* petition. The facts relied on are dehors the record and their effect on the judgment was not open to consideration and review on appeal. In such circumstances the use of the writ in the federal courts to test the constitutional validity of a conviction for crime is not restricted to those cases where the judgment of conviction is void

for want of jurisdiction of the trial court to render it. It extends also to those exceptional cases where the conviction has been in disregard of the constitutional rights of the accused, and where the writ is the only effective means of preserving his rights. *Moore* v. *Dempsey,* 261 U. S. 86; *Mooney* v. *Holohan,* 294 U. S. 103; *Bowen* v. *Johnston,* 306 U. S. 19, 24.

The principle of *res judicata* does not apply to a decision on *habeas corpus* refusing to discharge a prisoner, *Salinger* v. *Loisel,* 265 U. S. 224. It does not appear that on petitioner's earlier application for a writ of *coram nobis* the same issue was raised as that now presented. The earlier application was denied for insufficiency upon its face and without a hearing. There is thus no basis for the holding of the District Court that the denial is *res judicata* of the present petition.

The judgment below will be vacated and the cause remanded for a hearing in conformity to *Walker* v. *Johnston,* *supra.*

*So ordered.*

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.