**Petition of SCHAFER.**

**UNITED STATES ex rel. SCHAFER v. BEZONA, United States Marshal, et al.**

**No. 403.**

District Court, E. D. Washington, N. D.

May 2, 1944.

A. L. Wirin, of Los Angeles, Cal., for petitioner and relator.

Edward M. Connelly, U. S. Atty., and Harvey Erickson, Asst. U. S. Atty., both of Spokane, Wash., for respondent Wayne Bezona, United States Marshal.

SCHWELLENBACH, District Judge.

This petitioner, who seeks a writ of habeas corpus, was convicted of violation of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 311, in this court on March 18, 1944. He was committed to the custody of the respondent Biddle but, by stipulation, is still in the custody of the respondent Bezona. During his trial, he proffered testimony for the purpose of proving that the Selective Service Board which classified him and ordered him to report for work of national importance under civilian direction acted arbitrarily and capriciously. He attempted to prove the board ignored the evidence that he was a Minister of the Gospel within the meaning of the Selective Training and Service Act and, therefore, entitled to exemption. In accordance with the ruling in Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, objection to this testimony was sustained. Thereafter, the present petition was filed to which the respondent Biddle interposed a motion to quash service, which motion the petitioner has stipulated may be granted. Respondent Bezona interposed a demurrer and a motion to dismiss which matters are now before the court for consideration.

The petition challenges the action of the local Draft Board and the indictment on the ground that petitioner was not accorded due process of law because of the arbitrary and capricious action of the Board. This challenge must be fruitless to the petitioner in this proceeding. The procedure for the exhaustion of administrative remedies is outlined in the Falbo case. It requires that one classified must report to the induction station. "Unless he (the registrant) follows that procedure he may not challenge the legality of his classification in the courts." Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 746. This recent pronouncement by the Supreme Court forecloses me from further consideration of petitioner's direct attack upon his classification in this proceeding.

Petitioner further contends that the judgment and commitment are void because upon the trial petitioner was "denied the right to prove any substantial defense to the indictment under his plea of 'not guilty' contrary to the Third Article of the Constitution of the United States and the Fifth and Sixth Amendments thereto." In support of this contention, petitioner has filed an exhaustive and persuasive brief reviewing the historical background of habeas corpus and urging that under the recent trend of Supreme Court decisions that court has extended the writ, broadened its scope and liberalized its use. With that contention, I fully agree. The Supreme Court, in the last few years, has given to the historic writ much deeper significance and wider application than it ever had before. "The scope of inquiry in habeas corpus proceedings has been broadened." Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 146 A.L.R. 357. In the opinion in that case, the Supreme Court went on to say " * * * the petitioned court has 'power to inquire with regard to the jurisdiction of the inferior court, either in respect to the subject-mat-

ter or to the person, even if such inquiry (involves) an examination of facts outside of, but not inconsistent with, the record.' Congress has expanded the rights of a petitioner for habeas corpus and the ' * * * effect is to substitute for the bare legal review that seems to have been the limit of judicial authority under the common-law practice, and under the act of 31 Car. II, chap. 2, a more searching investigation, in which the applicant is put upon his oath to set forth the truth of the matter respecting the causes of his detention, and the court, upon determining the actual facts, is to "dispose of the party as law and justice require." ' " It has been held that the prosecution may not permit an accused to be hurried to conviction so as to make of the whole proceeding but a mask. Moore v. Dempsey, 261 U.S. 86, 91, 43 S.Ct. 265, 67 L.Ed. 543. It has been held that a defendant may use habeas corpus to preserve his right of due process of law where he has been deprived of his liberty through deliberate deception of court and jury by the presentation of testimony known to be perjured. Mooney v. Holohan, 294 U.S. 103, 112, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406. The Supreme Court has held that a trial is lacking in due process where convictions rest upon confessions obtained by violence. Brown v. Mississippi, 297 U. S. 278, 286, 56 S.Ct. 461, 80 L.Ed. 682; Chambers v. Florida, 309 U.S. 327, 60 S.Ct. 472, 84 L.Ed. 716. The Supreme Court has protected the due process rights of defendants whose trials proceeded without the assistance of counsel. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A. L.R. 527. However, despite the fact of this broadening of the scope of inquiry of habeas corpus and this breathing of new life into the due process clause of the Constitution, the Supreme Court has adhered to the doctrine that "habeas corpus cannot be used as a means of reviewing errors of law and irregularities—not involving a question of jurisdiction—occurring during the course of trial." Johnson v. Zerbst, supra. The oft-quoted statement in People v. Liscomb, 60 N.Y. 559, 19 Am.Rep. 211, "In other words, the court had jurisdiction to make wrong, as well as right, decisions, in all stages of the prosecution, and whether those made were right or wrong cannot be raised on habeas corpus" is still the law. Stripped to its essentials, petitioner's contention is that I erred in following the ruling in the Falbo case. If the rejection

of petitioner's testimony was error, that error can only be corrected by the Supreme Court through the process of appeal and review. Petitioner does not support his claim that he is unlawfully detained. In fact, he complains that he is improperly detained. This is a situation which habeas corpus cannot reach.

Since this matter was taken under advisement, petitioner has filed a supplemental and amended petition in which he asserts his willingness to report for work of national importance in order then to secure review of the alleged arbitrariness of his classification. Petitioner's trial and conviction, it will be remembered, took place after the decision in Falbo v. United States, supra, but before the decision in Billings v. Truesdell, supra. Petitioner asserts that he was advised that the issue of arbitrariness could be challenged after the trial and imposition of sentence through habeas corpus and that it was not until after Billings v. Truesdell that his counsel advised him of the necessity of reporting to the camp. In the brief in support of this supplemental petition, petitioner relies upon Waley v. Johnston, 316 U.S. 101, 62 S. Ct. 964, 966, 86 L.Ed. 1302. He asserts that in that case the Supreme Court so extended the reach of habeas corpus as to make the writ available here. I do not so read the Waley v. Johnston opinion. In that opinion, this language is used: "It extends also to those exceptional cases where the conviction has been in disregard of the constitutional rights of the accused, and where the writ is the only effective means of preserving his rights." For me to grant the writ under the facts of this case would require me to hold that the procedure directed in Falbo v. United States, supra, is in disregard of petitioner's constitutional rights. Obviously, such a holding is impossible. Had I the power, I would look sympathetically upon an application to withdraw the sentence and grant permission to the petitioner. The term of court in which petitioner was tried and convicted and sentenced having expired, the court is without jurisdiction to take that action. United States v. Mayer, 235 U.S. 55, 35 S. Ct. 16, 59 L.Ed. 129; Kelly v. United States, 9 Cir., 297 F. 212. Compare United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354; Roberts v. United States, 320 U.S. 264, 64 S.Ct. 113. What petitioner really alleges in his amended and supplemental petition is that his counsel mis-

construed *Falbo v. United States*, supra, and gave him advice which proved to be erroneous under *Billings v. Truesdell*, supra. Petitioner has cited no case supporting his contention that this state of facts deprived him of due process of law. Exhaustive search upon my part has revealed no such case. It requires but brief reflection to appreciate the Pandora's box of problems which would be opened and the systematized chaos that would ensue if erroneous legal advice by competent counsel deprived a trial court of jurisdiction. This is not a situation like *Powell v. Alabama*, supra. It more nearly parallels *Avery v. Alabama*, 308 U.S. 444, 450, 60 S.Ct. 321, 84 L.Ed. 377. Here petitioner had counsel possessed of more than ordinary skill and one experienced in the problems arising in this type of litigation. See: The Open Forum, publication of the Civil Liberties Union of California, Vol. 20, No. 16. If it is to be the law that erroneous advice by trained and experienced counsel is to be construed as a deprivation of an accused's day in court, it is essential that the initial statement of that rule shall emanate from a higher tribunal than this.

█ In the memorandum submitted, counsel suggests that petitioner should be admitted to bail pending appeal of my ruling here. I am sympathetic towards the admission to bail of defendants in cases which are doubtful. However, since this petitioner's position flies so directly in the face of two recent decisions of the Supreme Court, I would not feel justified in granting the application.

The demurrer of the respondent Bezona is sustained.