**Richard Willard KAY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12655.**

United States Court of Appeals
Sixth Circuit.

May 4, 1956.

Erich W. Merrill, Memphis, Tenn., for appellant. Richard Willard Kay, pro se, on the brief.

Robert E. Joyner, Memphis, Tenn., for appellee. Warren Olney, III, Washington, D. C., Millsaps Fitzhugh, Edward N. Vaden, Memphis, Tenn., on the brief.

Before SIMONS, Chief Judge, and McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

This case was previously before the court on an appeal from an order of the district court denying appellant's motion to vacate sentence; and we affirmed the order, 6 Cir., 212 F.2d 795. In that case, appellant sought to appear before the district court in order to testify on the hearing of his petition, and this right was denied. Appellant then filed petition for a writ of certiorari to the Supreme Court; and the Solicitor General there appeared on behalf of the government and confessed error, stating:

> "It is not possible for us to know, and it was not possible for the lower courts to know, whether the allegations of the petitioner are true (See Waley v. Johnston, 316 U.S. 101, 104 [62 S.Ct. 964, 86 L.Ed. 1302], or whether petitioner effectively waived the objections to his counsel

---

which he now asserts. We think that in these circumstances the allegations tending to show that his choice of counsel was coerced raise issues of fact within petitioner's knowledge sufficiently grave to warrant their exploration at a hearing at which petitioner is present. Johnson v. Zerbst, 304 U.S. 458 [58 S.Ct. 1019, 82 L.Ed. 1461]; Glasser v. United States, 315 U.S. 60 [62 S.Ct. 457, 86 L.Ed. 680]; Von Moltke v. Gillies, 332 U.S. 708, 725 [68 S.Ct. 316, 92 L.Ed. 309]; United States v. Hayman, 342 U.S. 205 [72 S.Ct. 263, 96 L.Ed. 232]; Mays v. United States [10 Cir., 216 F.2d 186]."

Thereafter, the Supreme Court granted appellant's petition for a writ of certiorari in a per curiam opinion in which the court stated:

"Upon consideration of the Government's confession of error and examination of the record the judgment of the Court of Appeals is vacated and the case is remanded to the District Court for hearing on petitioner's motion to vacate the judgment." Kay v. United States, 348 U.S. 934, 75 S.Ct. 357, 99 L.Ed. 732.

Upon remand to the district court, a hearing was held in which the government filed a lengthy response and numerous affidavits. Upon the hearing, the district court decided that the presence of appellant to testify was not necessary; and, thereafter, the court entered an order denying his petition. From such order, the petitioner has appealed to this court, claiming that the district court was in error in denying him his right to appear and testify on his own behalf on the hearing of the petition.

The Supreme Court, in granting certiorari and remanding the case for hearing to the district court, based its decision upon consideration of the government's confession of error, which set forth that appellant's allegations in his petition were sufficiently grave to warrant their exploration at a hearing at which the defendant should be present.

From the foregoing, it is implicit that the Supreme Court clearly intended that appellant should be present to testify at the hearing on his petition. In accordance with the opinion of the Supreme Court, the order of the district court is vacated and the case remanded for a hearing at which appellant shall be present and testify if he so desires.