William Howard DUNN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12892.

United States Court of Appeals Sixth Circuit.

Dec. 4, 1956.

William Howard Dunn, per se.

Edward N. Vaden, Asst. U. S. Atty., Millsaps Fitzhugh, U. S. Atty., Memphis, Tenn., for appellee.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from an order of the District Court denying a motion for a writ of error coram nobis. Appellant, hereinafter called defendant, seeks to set aside a sentence entered September 11, 1953, upon a conviction, in jury trial, of armed robbery of a bank at Troy, Tennessee. Testimony in the original hearing was not included in the record. However, the record contains detailed affidavits of defendant's attorneys, Cormack Murchison and William E. Moody, which in general are not denied.

On application for writ of coram nobis the entire record will be looked into by the court and the judgment rendered which the whole requires. Bishop's New Criminal Procedure, Volume 2, Section 1372 and Section 1348, paragraph 1.

Moody was employed to represent defendant, who had been arrested charged with a bank robbery in Troy, Tennessee. Moody retained Murchison to conduct the defense and Murchison acted as principal attorney at the trial.

Defendant was indicted for bank robbery with a dangerous weapon under Title 18 U.S.C., § 2113. The indictment was returned June 22, 1953.

As to the circumstances of the crime and the identification of defendant, the following facts shown by the record are not denied: The trial consumed three days. The armed man who held up the bank was not masked. The president, cashier, and assistant cashier, all pres-

ent at the time, positively identified defendant as the robber. Testimony was given to the effect that an automobile was seen leaving the area at high speed after the crime, headed toward Hickman, Kentucky, the territory in which the family of defendant's wife resided. The defense was an alibi.

Defendant had served several felony sentences entered by state and federal courts and had previously been confined in Alcatraz. Because of this, defendant refused to testify. He now states that his attorney forbade him to testify. Defendant states that 15 witnesses were examined on his behalf.

The jury found defendant guilty. A motion for new trial was overruled.

Notice of appeal duly filed was later withdrawn at defendant's sworn request.

A motion to vacate sentence was filed January 14, 1954. This motion was considered by the judge who presided at the trial. He stated in detail his reconsideration of the record and held that the motion and the files and records of the case showed conclusively that the prisoner was entitled to no relief. An application to appeal in forma pauperis was denied in an order which stated that the court had reconsidered the entire record and held that the appeal was without merit and not in good faith.

Numerous other motions asking to vacate defendant's sentence or to obtain similar relief have been filed and denied.

Included in the record are copies of three letters written by defendant after the sentence, filed in opposition to certain of defendant's motions. In two letters defendant, writing to the FBI, offers to take the FBI to the place where "the loot" is hidden. In a letter addressed to Vaden, Assistant District Attorney, photostatic copy of which is presented, defendant urges that if defendant is guilty, his wife is guilty, and details the circumstances of her alleged participation in the crime. The pertinent portion of the letter is printed in the margin.[1]

While defendant denies his guilt, his knowledge of the situs of "the loot" and of the precise circumstances under which his wife is claimed to have taken part in the crime hardly seems to support his assertion of innocence.

The last decision of this court in the matter, 6 Cir., 234 F.2d 219, gives a detailed list of five previous motions filed by defendant, three of them being motions to vacate sentence, in two of which appeals were dismissed for failure to prosecute. In the case above cited this court rules upon defendant's contention, reiterated in the instant motion for writ coram nobis that he was arraigned and coerced into pleading to the indictment before it was returned. This court pointed out that defendant subsequent to the return of the indictment on June 22, 1953, by his counsel waived the reading of the indictment, entered a plea of not guilty and agreed to the trial date of June 24, 1953, upon which date the trial started. The court held that in the motions to vacate filed April 29, 1955, and May 9, 1955, relief similar to that prayed for in the foregoing motions to vacate was asked, and affirmed the order of the District Court refusing to consider such

1. "You are well aware that if I am guilty my wife is also equally guilty. If I am guilty she is equally guilty for the following reasons: She planned and encouraged the robbery, participated fully, to-wit:

"Monday, April 20, 1953, she entered the bank and cashed a $10 note to observe the floor plan. She helped run, chart and time the getaway route. Tuesday, April 21, 1953, she returned to participate in the actual robbery. The bank was closed for some reason that afternoon. Wednesday, April 22, 1953, she decided it best to remain behind to establish an alibi by frequently construing the time, etc. The afternoon of April 22, 1953, she entered the State of Tennessee and recovered the loot from a prearranged place of concealment and transported said loot to St. Louis. She has retained custody of this loot since.

"Thus, I am either innocent or my wife is equally guilty, and has enjoyed the fruits of her crime with immunity. My request is: Either release me or convict her."

motion under the specific provisions of 28 U.S.C. § 2255. We adhere to the decision in that case. Upon the point claimed, that defendant was coerced into pleading, defendant relies upon Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302, and seems to consider that under that case his entering a plea of not guilty supports his contention of coercion. Obviously a declaration of the Supreme Court such as that made in Waley v. Johnston, supra, as to the prisoner's allegation that he had been coerced "to plead guilty to an indictment for kidnapping" is not authority here where defendant pleaded not guilty.

Also, this reiterated contention in defendant's instant motion covers matter appearing on the record and affords no ground for the issuance of a writ coram nobis.

The instant motion or petition, called a motion "in the nature of error coram nobis," supported by defendant's affidavit, was filed January 10, 1956, and denied by the District Court on March 14, 1956, upon the ground that it sought the same relief as defendant's previous numerous motions. However, the instant motion relies upon different alleged circumstances and we consider it in detail.

The motion and argument appended thereto set up that Moody conspired with Edward N. Vaden, assistant district attorney who handled the case for the government, to secure a "false conviction" for the purpose of extorting money from defendant and claims that Moody "succeeded in extorting a sum of money in the amount of $3,200.00 from appellant [defendant] on promises of securing a new trial" for him and entering thereafter a motion to nolle the cause. It sets up that Moody and Vaden thereafter "intimidated" defendant to prevent him from exposing the extortion, utilizing two "murderously minded county officials" to instill "fearful silence" in defendant and to cause him unwillingly to forego a direct appeal in the cause. In support of these allegations defendant filed two affidavits called "Counts" reiterating his accusation of extortion against Vaden and Moody and

a similar affidavit or "Count" against the sheriff, the deputy jailer, and the United States marshal, embodying charges that have nothing to do with the proceeding herein. Defendant nowhere alleges that Murchison, his principal attorney, had any connection with the alleged conspiracy. Defendant does state that Murchison was not his lawyer. The falsity of this statement is completely disproved by a colloquy between defendant and the trial judge after sentence had been entered. Moody stated in effect that he and Murchison had not been retained to represent defendant in the appeal. The trial judge then, in defendant's presence, ordered Murchison and Moody to continue to represent defendant in proceedings for review. The trial judge said to defendant, "I think we understand each other. Mr. Moody and Mr. Murchison are still your lawyers until they are released by this Court." The defendant: "Yes, sir."

No word as to the claimed conspiracy was uttered by defendant until the instant motion filed in January, 1956. The incredible nature of this latest story is self-evident. A conspiracy to extort money from a prisoner in order, as alleged, to "influence the decision" would involve a conspiracy, if entered into prior to or during the trial, by virtue of which defendant would be found not guilty, the jury would be hung, or some other situation would be contrived to block conviction. The purpose of such a conspiracy could hardly be to have defendant convicted in order to take the unlikely chance of getting a new trial and having the United States District Attorney then nolle the case. The District Court specifically found that both Vaden and Moody fulfilled their obligations in the trial. Both the record and the sworn statements of Vaden and Moody filed in opposition to a previous motion support this finding.

Although at least six motions and applications of various kinds, seeking in effect vacation of sentence, reiterating various attacks upon the proceedings, and attacking Moody, were found to be without merit, for the first time we are

here asked to issue the writ coram nobis. Defendant claims to be entitled to this writ as a matter of right because his new allegations of fact set up matters dehors the record, relying principally upon United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248; United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356; and Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223.

■ The District Court was not required to grant the instant motion. While the writ of error coram nobis is employed for correction of errors of fact, in the same court where the judgment was rendered, 2 Am.Jur. 844, the power to vacate a judgment for errors of fact exists where the errors are "of the most fundamental character," that is, such as render "the proceeding itself irregular and invalid." United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 19, 59 L. Ed. 129, opinion by Mr. Justice Hughes. In United States v. Morgan, supra, 346 U.S. at page 511, 74 S.Ct. at page 252, the Supreme Court declares "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." It was also declared in the Morgan case, supra, 346 U.S. at page 512, 74 S.Ct. at page 253, that the burden rests on the accused to show the proceedings were not correct. The Supreme Court we think clearly indicated in the Morgan case, supra, that not any and every story of circumstances alleged to exist dehors the record and concerning which defendant claims that his personal testimony is material entitles him to the writ coram nobis. The facts alleged must tend to establish the denial of "the substance of a fair trial." Howell v. United States, 4 Cir., 172 F.2d 213, 215.

■ The background of the instant case is totally different from those of the decisions upon which defendant relies. In United States v. Morgan, supra, and Commonwealth of Pennsylvania ex rel. Herman v. Claudy, supra, the claim was that accused was denied counsel. In each case he pleaded guilty. In United States v. Hayman, supra, defendant's counsel was counsel in a separate case for another person who was principal witness in the case against defendant. In Price v. Johnston, supra, 334 U.S. at pages 288, 292, 68 S.Ct. 1049, defendant's charges were not denied. Here the inherent falsity of defendant's story is emphasized by the fact that defendant has nowhere claimed that Murchison, the principal attorney, had a part in the alleged conspiracy.

This is not a case where inexperience with court proceedings is shown. Defendant had served several sentences for felony and had previously received a conditional release from Alcatraz. He was represented by attorneys of his own choosing, who were counsel for him only, and plainly active in his behalf. Insanity is not alleged, nor duress or compulsion in any way connected with the trial.

No facts are alleged in the motion that bear upon the regularity of the trial and the validity of the sentence. Barber v. United States, 4 Cir., 142 F.2d 805. Murchison, who tried the case, is not charged with conspiracy. Even though the incredible story of the alleged conspiracy between Vaden and Moody were true, it would in no way affect the conduct of the trial. The issues presented were whether the bank was held up, whether defendant was the armed robber, whether his alibi was good. These issues were decided by the jury in regular course, sustained by ample evidence, and a valid judgment was entered on their verdict. Cf. Spaulding v. United States, 6 Cir., 155 F.2d 919, 921. Moreover, there has not been the slightest showing that a retrial would have a different result. This is ground for denial of a motion in the nature of coram nobis. Bice v. United States, 4 Cir., 177 F.2d 843, affirming United States v. Bice, D.C., 84 F.Supp. 290; United States v. Moore, 7 Cir., 166 F.2d 102, certiorari

denied 334 U.S. 849, 68 S.Ct. 1500, 92 L.Ed. 1772; United States v. Rockower, 2 Cir., 171 F.2d 423, certiorari denied 337 U.S. 931, 69 S.Ct. 1484, 93 L.Ed. 1738; Farnsworth v. United States, 91 U.S.App.D.C. 121, 198 F.2d 600, 601.

We conclude that the facts alleged do not compel the issuance of the writ in order to attain justice. United States v. Morgan, supra, 346 U.S. 511, 74 S.Ct. 247.

The order of the District Court is affirmed.