UNITED STATES of America ex rel.
Charles N. DUNKLE

v.

Angelo C. CAVELL, Warden, Western
State Penitentiary, Pittsburgh,
Pennsylvania.

Civ. A. No. 15757.

United States District Court
W. D. Pennsylvania.

May 9, 1957.

**GOURLEY, Chief Judge.**

In this loosely drawn petition, prepared in handwriting and apparently without aid of counsel, request is made for issuance of writ of mandamus and/or writ of error coram nobis.

■ Petitioner's request for the granting of a writ of mandamus against the President Judge of the Orphans' Court of Erie County, Pennsylvania, based upon his contention that he was de denied his constitutional rights, is untenable. The law is well settled that a Judge of the United States District Court is without authority to issue a writ of mandamus against state officers in the exercise of their discretionary duties.

As an alternative, petitioner premises his request for writ of error coram nobis upon two propositions:

1. His counsel was not present when the jury's verdict was rendered or when sentence was pronounced.

2. The principal Commonwealth witness had once been an inmate of a mental institution and was therefore incompetent to testify.

■ The law is well settled that writ of coram nobis is employed for correction of errors of fact in the same court where the judgment was rendered. The power to vacate a judgment for errors of fact exists where the errors are of the most fundamental character, that is, such as render the proceeding itself irregular and invalid. Failure of a defendant to make a showing that a retrial would have a different result is ground for denial of a motion in the nature of coram nobis to set aside his sentence. Dunn v. United States, 6 Cir., 238 F.2d 908.

■■ I am satisfied that no rule of law excludes the testimony of a person who had once been confined to a mental institution and that the matter is not cognizable on coram nobis without the appearance of facts that the witness was insane at trial. Commonwealth v. Iacobino, 319 Pa. 65, 178 A. 823; Commonwealth v. Carluccetti, 369 Pa. 190, 85 A. 2d 391. Nor is the allegation of failure to have counsel present at time of verdict or sentence a matter germaine to the instant petition.

At best, petitioner's allegations appear to raise issues includable in a petition for habeas corpus.

■ The formal requirements in a petition for writ of habeas corpus are as follows:

1. The petition be in writing addressed to the court authorized to issue the writ.

2. It should set forth the place of petitioner's confinement, and the name and address of the person in whose custody the prisoner is restrained.

3. It must allege that the petitioner is unlawfully restrained of his liberty and show precisely the alleged illegality of restraint, by stating the pertinent facts in such a manner as to make possible an intelligent judgment upon the question.

4. It should state by what authority the respondent purports to detain the petitioner.

5. If the petitioner does not know by what authority he is being detained, he should so state.

6. It must be set forth whether sentence was imposed on judgment of conviction after trial by jury, or if sentence was imposed after the entry of a plea of guilty, or plea of nolo contendere.

7. If petitioner is in custody pursuant to a judgment of a State court, it must be set forth what procedure was followed, if any, to have the judgment of

conviction or plea of guilty reviewed by the appellate courts in the Commonwealth of Pennsylvania and the Supreme Court of the United States, and the disposition of said appeals or writ of certiorari must be given.

8. If the petitioner is confined by virtue of a judgment of a State court, it is necessary to set forth copies of any petitions for writ of habeas corpus which have been previously filed in the State courts or Federal courts, the determination made by the court, and whether or not a denial was made of said petition or petitions previously filed or appealed to the higher tribunals in the state, and if application had been made to the Supreme Court of the United States by appeal or writ of certiorari from said refusal.

9. If the petitioner has not exhausted all remedies available in the appellate courts in the Commonwealth of Pennsylvania, the reasons therefrom must be set forth in detail and an allegation that the trial court and the appellate courts in the Commonwealth of Pennsylvania so departed from rights given under the Constitution of the United States, which would justify a federal court's intervention to protect the constitutional rights of the petitioner.

10. All petitions for writ of habeas corpus must be executed and verified by the petitioner. If for any reason the petitioner is unable to execute and verify the petition, the reason thereof shall be set forth.

It is further provided by the United States Judicial Code (Section 2254 of Title 28):

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State * * *."

■ A conviction after public trial in a State court by verdict or plea of guilty places the burden on the accused to allege and prove primary facts, not inferences, that show, notwithstanding the strong presumption of constitutional regularity in state judicial proceedings, that in his prosecution the state so departed from constitutional requirements as to justify a Federal court's intervention to protect the rights of the accused. The petitioner has the burden also of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist. Darr v. Burford, 339 U.S. 200, 218, 219, 70 S. Ct. 587, 94 L.Ed. 761.

■ Since it appears from the allegations in the application that petitioner has not filed an appeal to the Supreme Court of Pennsylvania nor applied for writ of certiorari to the Supreme Court of the United States, petitioner has failed to exhaust his remedies as required by law and jurisdiction does not presently exist in this court to consider the petition as a petition for writ of habeas corpus.

It is the desire of this court to extend every possible assistance to an indigent applicant. As this court has frequently reiterated, financial circumstances should never be an obstacle to defeat the ends of justice.

■ In all habeas corpus proceedings in this court which arise under State jurisdiction, copies of the original petition shall be filed with the original petition for the following persons:

1. Head of the penal institution where the prisoner is confined.

2. District Attorney of the County of Pennsylvania in which sentence was imposed.

3. Attorney General of the Commonwealth of Pennsylvania.

4. Any other person named or referred to as a party in said proceeding.

5. Two copies should be made for the attorney if appointed by the court.

If upon the exhaustion of remedies as hereinabove indicated, petitioner should be unable to secure the records and transcripts required by the Rules of this court, rule 16, in the formulation of a

petition for a writ of habeas corpus, it is suggested that the petitioner submit a detailed explanation in order that the court might determine whether just cause exists to waive said requirement.

It will, therefore, be ordered that the United States Clerk of Courts file said petitions which, however, for the reasons heretofore indicated will be refused in each instance, without prejudice to petitioner to file petition for writ of habeas corpus in accordance with the conditions set forth herein.

An appropriate Order is entered.