BARHAM, Justice
(dissenting from- refusal to grant writs).
*889 The majority has refused this application and denied the relator’s right to an evidentiary hearing, citing McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). In McMann the United States Súpleme Court held that the accused who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus. An exception, however, was made for instances where the accused “can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act”. It should be noted that in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), the two companion cases to McMann v. Richardson, supra, evidentiary hearings had been held.
The allegations in relator’s petition are a compilation of the various circumstances found in the three United States Supreme Court cases with the additional plea of lack of .mental, capacity. He contends that he entered a coerced plea of guilty based upon a, coerced confession taken after being held incommunicado for several weeks. He alleges that his court-appointed counsel appeared for the first time at arraignment and at this brief encounter advised him to plead guilty since his signed statement precluded any chance to take the case to trial. He also alleges that the district 'attorney told him that if he would plead guilty, he would receive only a five-year sentence, but that upon pleading guilty he was-sentenced to 20 years. Relator finally • contends that he was not informed of his constitutional rights before entering his plea and did not waive them, and that his plea was not knowingly, freely, and intelligently entered. Since this is a pre-Boykin case, such waiver need not be reflected in the record, but relator is entitled to • present a collateral attack. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Shelton v. United States, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579. McMann and its companion cases, Brady and Parker, entitle this relator to an evidentiary hearing.
Moreover, Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, would entitle relator to an evidentiary hearing under his allegation of misrepresentation by the district attorney. See also State ex rel. Wikberg v. Henderson, 257 La. 446, 242 So.2d 574. Machibroda recognizes that a district judge is without authority to deny a writ with such factual allegations as presented .in the instant case on .the basis of personal knowledge. The trial judge at arraignment, the attorney who represented relator, the district attorney, and the relator himself have the only particular knowledge of the circumstances which will prove or *891 disprove his allegations, and an evidentiary hearing is the only vehicle for the disclosure of this information. Such a hearing may well negate the allegations which appear on the face of this writ application.
Louisiana Code of Criminal Procedure Article 354 states in part: “The court to which the application is presented shall immediately grant a writ of habeas corpus, unless it appears by the petition itself or by the documents annexed to it that the person in custody is not entitled to be set at liberty. * * * ” Under this article the writ must be granted insofar as it brings relator before the court for an evidentiary hearing.