**UNITED STATES of America, Appellee,**

v.

**Philip MILESTONE, Appellant.**

No. 79-2782.

United States Court of Appeals,
Third Circuit.

Argued April 21, 1980.

Decided June 30, 1980.

Jacob Kossman (argued), Carmen C. Nasuti, Philadelphia, Pa., for appellant.

Roberto Rivera-Soto, (argued), Asst. U. S. Atty., Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, App. Div., Philadelphia, Pa., for appellee.

Before ALDISERT, WEIS and GARTH, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

One count of a federal indictment charged bribery to affect the acts of two officials, but at pretrial, the prosecution elected to prove conduct only as to one. The trial court permitted an alteration of the indictment to that effect. We conclude that the modification did not constitute an amendment to the indictment requiring grand jury approval. Accordingly, we reject the petitioner's contention to the contrary and affirm a district court judgment denying a writ of habeas corpus.

Petitioner sought postconviction relief under 28 U.S.C. § 2255 from his conviction of bribery with intent to influence an official act in violation of 18 U.S.C. § 201(b)(1), and aiding and abetting in violation of 18 U.S.C. § 2. He alleged that the indictment had been improperly amended, that there was insufficient evidence of corruption, and that the government had failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). After an evidentiary hearing, the district court denied the petition.

Petitioner's conviction resulted from an indictment containing three substantive counts and one count of conspiracy for the bribery of two Internal Revenue agents. The incidents occurred during an audit of petitioner's returns for the years 1974 and 1975 by Internal Revenue agent Robert A. Mastrogiovanni and a simultaneous attempt by Revenue Officer Arnold R. Small to collect delinquent taxes for the years 1971 and 1972. A superseding indictment charged in Count I that petitioner, together with his accountant, had bribed Agent Mastrogiovanni. Count IV charged a conspiracy by petitioner and the accountant to bribe both officials. Counts II and III alleged that Officer Small had been bribed on two separate occasions to influence his decision and that of Agent Mastrogiovanni.

Defense counsel filed a motion to dismiss Counts II and III because they were duplicitous. After a pretrial argument, the government made an election on each of those counts. In Count II, the prosecution chose to assert that the bribe was given to Small to influence the decision of Mastrogiovanni. On Count III, the proof was to be that Small received the bribe to affect his own decision. To accomplish this result, the government moved to delete the language in Count II pertaining to the attempt to influence Small and in Count III the wording applicable to Mastrogiovanni.

In response to the government motion to remove these references, counsel for Milestone said: "Well, your Honor, that was my

alternative request in my motion to dismiss to strike that language as surplusage; and your Honor, I have no objection to the Government making the election at this time." The court denied petitioner's motion to dismiss, but granted the government's motion for election.

At the conclusion of the trial, a redacted version of the indictment was sent out with the jury for its use in the course of its deliberation. The jury convicted the petitioner on Count III, but found him not guilty on the other counts. On direct appeal, the conviction was affirmed. *United States v. Milestone*, 591 F.2d 1337 (3d Cir.), *cert. denied*, 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979).

In this § 2255 proceeding, petitioner alleges that the indictment was impermissibly amended, and, having failed to secure the assent of the grand jury to the change, the court lacked jurisdiction to convict the defendant. The petition also contends that the evidence was insufficient because Milestone had simply given money to the officer without an agreement of any kind. The third asserted ground for relief is that the government—but not the prosecutor personally—failed to disclose to the defense that Officer Small, who testified at trial, had been officially charged with various derelictions of duty by the Internal Revenue Service and was being processed for dismissal.

■ The petition was assigned to the same district judge who had presided over the trial. After a hearing, he determined that the indictment had not been amended. He analogized the election to several situations, including one where an offense is charged conjunctively but either matter would constitute a violation. In that situation, the court reasoned, the government could present evidence as to either theory

and the case could be submitted to the jury on that basis. Turning to the *Brady* claim, the trial judge found that neither the prosecutor nor the defense attorney was aware that official charges had been lodged against Officer Small by the agency at the time he testified. But since the government had informed the defense before trial about the preliminary stages of Small's difficulties with the Service and the defendant did cross-examine the officer about the matter, the court was convinced that there was no *Brady* violation. The court did not discuss the insufficiency claim.

■ Preliminarily, we find that the trial court did not err in the dismissal of the *Brady* claim, and we choose not to discuss it further. Similarly, there is no basis in the record to conclude that there was insufficient evidence to support the conviction.[1]

■ The issue most vigorously pressed on this appeal is the alleged amendment of the indictment in violation of the principle set out in the opinion in *Ex parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887). That venerable case stands for the proposition that after an indictment has been returned, its charges may not be broadened through amendment except by the grand jury itself. *See Stirone v. United States*, 361 U.S. 212, 215–17, 80 S.Ct. 270, 272–273, 4 L.Ed.2d 252 (1960); *United States v. Goldstein*, 502 F.2d 526, 528–29 (3d Cir. 1974) (in banc). *Bain* discussed the unique function of the grand jury and the constitutional right to an indictment by that body. According to the Court, if the charge on which the defendant stood trial was not the complete product of the grand jury, then the trial court lacked power to try and sentence him. Since this was a matter of jurisdiction, it could be reviewed through a writ of habeas corpus.[2] Consistent with this view, it has been held that even if the defendant

---

1. Although we seriously question whether the insufficiency of the evidence contention may be entertained in this § 2255 petition when there has been a direct appeal, *see United States v. Williams*, 615 F.2d 585, 590–91 (3d Cir. 1980); *Battaglia v. United States*, 428 F.2d 957, 960 (9th Cir.), *cert. denied*, 400 U.S. 919, 91 S.Ct.

181, 27 L.Ed.2d 158 (1970), we nevertheless conclude that the claim is without merit.

We note that present counsel did not represent petitioner either at trial or on direct appeal.

2. When *Bain* was decided (1887), there was no right of appeal in federal criminal cases. Re-

consented to an amendment, jurisdiction would not be conferred on the court, *see United States v. Norris*, 281 U.S. 619, 622–23, 50 S.Ct. 424, 425, 74 L.Ed. 1076 (1930); *United States v. Williams*, 412 F.2d 625, 627 (3d Cir. 1969), although this proposition is questionable today since Fed.R.Crim.P. 7(b) permits a defendant to waive an indictment altogether in noncapital cases.[3]

Rather than decide this appeal on a waiver basis, we prefer to go to the merits. That requires that we analyze *Ex parte Bain, supra*, a much quoted and much discussed decision. On first impression, that case appears to be controlling, but close examination reveals that it is distinguishable on crucial factual grounds. There, the defendant was charged with a species of bank fraud, specifically, making a false statement "with intent to deceive the Comptroller of the Currency and the agent appointed to examine the affairs of the association . . . ." 121 U.S. at 4, 7 S.Ct. at 783. The statute under which defendant was indicted, however, proscribed only false statements made with intent to deceive "any officer of the association, or any agent appointed to examine the affairs of any such association." *Id.* at 3, 7 S.Ct. at 782. A companion statute, not the subject of the indictment, required that reports be submitted periodically by the association to the Comptroller.

In the trial court, defendant's demurrer to the indictment was sustained. Although the Supreme Court opinion does not explain the reason for the trial judge's ruling, apparently it was based on the premise that the statute made it an offense to deceive the agent appointed to examine bank affairs but did not extend the proscription to the Comptroller of the Currency. Thus, if the indictment required that the comptroller be deceived, no crime would be charged and the defendant's demurrer was proper.[4]

Following the favorable ruling to the defendant, however, "on motion of the United States, by counsel, the court order[ed] that the indictment be amended by striking out the words '*the Comptroller of the Currency and*' therein contained." *Id.* at 5, 7 S.Ct. at 783, *quoting* the record of the trial court (emphasis from Supreme Court opinion). The indictment as modified then did charge a crime under the statute—deceiving the "agent." Thus, the defendant who was out of court on his successful demurrer was brought back in by the action of the trial judge in modifying the indictment.

If the case had been submitted to a petit jury under the original indictment and a

view was secured through a writ of habeas corpus, and was available only to correct jurisdictional defects. The concept of jurisdiction as the necessary predicate for collateral review of criminal matters continued long after direct criminal appeals became available. Finally, in *Waley v. Johnston*, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942), the Court abandoned the fiction that the writ was limited to jurisdictional deficiencies. *Id.* at 104–05, 62 S.Ct. at 965–66; *Wainwright v. Sykes*, 433 U.S. 72, 78–79, 97 S.Ct. 2497, 2502, 53 L.Ed.2d 594 (1977). *See generally*, Hart, *Forward: The Time Chart of the Justices*, 73 Harv.L.Rev. 84, 103–05 (1959).

This background suggests that *Bain's* characterization of the violation as jurisdictional may have been influenced by the Court's perception of a tightly restricted habeas corpus remedy. Whatever the reason, however, the jurisdictional categorization is precisely what permits review of this § 2255 petition. For although petitioner did not raise this issue on direct appeal, collateral review is available under § 2255 to correct jurisdictional errors. *See Thor v. United States*, 554 F.2d 759, 762 (5th Cir. 1977).

3. Acknowledging the "liberalizing effect" that Rule 7 has had on *Bain, see United States v. Auerbach*, 423 F.2d 676 (5th Cir. 1970) (per curiam), Professor Wright notes:

"[T]here are occasional statements in the cases that an indictment cannot be amended even with the consent of the defendant. If taken literally these would be indefensible. . . . When the other great rights protected by the Constitution, such as right of counsel and right to trial by jury, are waivable by the defendant, it would be quite surprising if the right here in question could not be waived."

1 C. Wright, Federal Practice and Procedure § 127, at 271–72 (1969 & Supp. 1979) (footnote omitted).

4. Apparently, the *Bain* trial court recognized the common law rule that although a statute may enumerate various acts in the disjunctive, the indictment should charge in the conjunctive. In such a case, the accused may be found guilty of either allegation. *See* 2 Wharton's Criminal Procedure § 291 (12th ed. 1975).

guilty verdict had been returned, it could not have been sustained because the court could not have known whether the jury believed that the Comptroller had been deceived (no crime), or whether the agent had been misled (a crime under the statute). *Cf. Government of Virgin Islands v. Richards*, 618 F.2d 242, 246 (3d Cir. 1980); *United States v. Dansker*, 537 F.2d 40, 51 (3d Cir. 1976) (if one of two alternatives in a count entirely negates guilt, then guilty verdict may not stand). That the Supreme Court applied a similar rationale to the indictment is brought out by Justice Miller's observation: "How can the court say that there may not have been more than one of the jurors who found this indictment, who was satisfied that the false report was made to deceive the Comptroller, but was not convinced that it was made to deceive anybody else? And how can it be said that, with these words stricken out, it is the indictment which was found by the grand jury?" 121 U.S. at 10, 7 S.Ct. at 786.[5] Obviously, then, the words deleted by the trial court were not mere surplusage but were of substance—striking them revived an indictment that had been moribund after the successful demurrer.

The *Bain* situation must be contrasted with the case at hand. In Count III, the indictment originally charged that Officer Small received a bribe with intent to affect his decision and that of Agent Mastrogiovanni.[6] Petitioner contends that just as in

*Bain*, where the indictment required proof against both the Comptroller and the agent, so did the grand jury impose a similar dual burden upon the prosecution in the case at hand. Therefore, argues the petitioner, this case cannot be distinguished. Unlike *Bain*, however, both alternatives here describe criminal violations.

The pertinent statute, 18 U.S.C. § 201(b)(1), reads in relevant part: "Whoever . . . corruptly gives . . . anything of value to any public official . . . with intent—(1) to influence any official act . . . ." shall be fined or imprisoned. By its terms, the statute focuses on giving to influence *any* official act, and whether the official act be one or many, one crime is committed by the one gift. If the government proved intent to affect the decision of Small, of Mastrogiovanni, or both, the statute would be violated, and the case could be submitted to the jury under any of those possibilities. The case, therefore, is not governed by *Bain* but is closer to *Salinger v. United States*, 272 U.S. 542, 47 S.Ct. 173, 71 L.Ed. 398 (1926), which allowed the trial court to withdraw part of a charge, and *Ford v. United States*, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793 (1927), where the court was permitted to strike surplusage from an indictment without impairing its validity.

█ Properly viewed, *Bain* and its progeny forbid two general kinds of amend-

---

**5.** Later cases make it clear that this latter sentence is not to be read too literally—*e. g.,* surplusage may be deleted or ignored. *See Ford v. United States*, 273 U.S. 593, 602, 47 S.Ct. 531, 534, 71 L.Ed. 793 (1927).

**6.** Count III, as found in the first indictment, reads in pertinent part as follows:

"That on or about November 16, 1977, at Philadelphia, in the Eastern District of Pennsylvania, PHILIP MILESTONE corruptly did, directly and indirectly, give a thing of value, that is, money in the amount of approximately two hundred dollars ($200.00) to Arnold R. Small, . . . a Revenue Officer of the Internal Revenue Service, with intent to influence the said Arnold R. Small's decision and action on a question and matter then pending before him in his official capacity . . . and with intent to influence the decision and action of Robert A. Mastrogiovanni [sic] . . . an Internal Revenue Agent,

on a question and matter then pending before Robert A. Mastrogiavanni [sic] . . . in his official capacity . . . .

In violation of Title 18, United States Code, Section 201(b)(1) and 2."

The redacted Count III reads in pertinent part:

"That on or about November 16, 1977, at Philadelphia, in the Eastern District of Pennsylvania, PHILIP MILESTONE corruptly did, directly and indirectly, give a thing of value, that is, money in the amount of approximately two hundred dollars ($200.00) to Arnold R. Small, . . . a Revenue Officer of the Internal Revenue Service, with intent to influence the said Arnold R. Small's decision and action on a question and matter then pending before him in his official capacity . . . .

In violation of Title 18, United States Code, Section 201(b)(1) and 2."

ments to an indictment. First, *Bain* prohibits any amendment that transforms an indictment from one that does not state an offense into one that does. This is the fact pattern of *Bain* itself and it directly implicates the power of the court to try the defendant. The second improper alteration is seen in any change that tends to increase the defendant's burden at trial. This was the situation in *Stirone v. United States, supra,* and it is proscribed because it has the effect of undermining the notice function of the indictment. *See United States v. Crocker,* 568 F.2d 1049, 1059–60 (3d Cir. 1977); *United States v. Goldstein, supra* at 529.[7] But not every change has such prejudicial effect—some alterations are permitted.

The courts of appeals have given the *Bain* rule a similar, practical reading. In *Thomas v. United States,* 398 F.2d 531 (5th Cir. 1967), for example, the court sustained the action of the trial court in granting the government's motion to strike from an indictment one of the objects of a conspiracy and several overt acts charged. The defendant argued that these were allegations that the grand jury thought necessary to include in voting a true bill against him.

The court held that *Salinger,* not *Bain,* controlled and noted that the effect of the court's action was to narrow, rather than expand, the issues the defendant was called upon to meet. The same observation applies to the case *sub judice. See also United States v. Hall,* 536 F.2d 313 (10th Cir.), *cert. denied,* 429 U.S. 919, 97 S.Ct. 313, 50 L.Ed.2d 285 (1976); *Overstreet v. United States,* 321 F.2d 459 (5th Cir. 1963), *cert. denied,* 376 U.S. 919, 84 S.Ct. 675, 11 L.Ed.2d 614 (1964).[8]

 We conclude, therefore, that deleting the reference to Agent Mastrogiovanni in Count III was not an amendment to the indictment and was, at the most, only the removal of surplusage on the motion of the defendant. *See* Fed.R.Crim.P. 7(d).[9] It follows that the modification of the indictment did not require resubmission to the grand jury, and the district court did not lose jurisdiction over the case. Accordingly, the district court properly dismissed the petition for habeas corpus. The judgment will be affirmed.

---

7. *Stirone,* a Hobbs Act prosecution, concerned an indictment that alleged as its interstate commerce clause nexus shipments of sand used to make concrete from outside Pennsylvania into that state. At trial, the government proffered an alternate basis for jurisdiction—the use of defendant's concrete in a mill that shipped steel products *from* Pennsylvania to other states. The Court held that this was an impermissible amendment.

   Interestingly, the *Stirone* explanation of *Bain, see* 361 U.S. at 216 n. 2, 87 S.Ct. at 272, fails to capture the essence of the latter's holding. *Stirone* failed to mention the crucial fact that only under one alternative was Bain charged with an offense.

8. Defendant also argues that submission of a copy of the redacted indictment to the jury was error. This contention is without merit. *See United States v. McCrane,* 527 F.2d 906, 912–13 (3d Cir. 1975), *vacated on other grounds,* 427 U.S. 909, 96 S.Ct. 3197, 49 L.Ed.2d 1202, *aff'd on remand,* 547 F.2d 204 (3d Cir. 1976) (per curiam).

   Finally, we note that it is irrelevant whether the trial court was correct in holding that the counts were duplicitous since any error in that respect favored the defendant. Duplicity is the joining in a single count of two or more distinct and separate offenses. *United States v. Starks,* 515 F.2d 112, 116 (3d Cir. 1975). But deciding that there are separate offenses must be supported by a finding of legislative intent to provide multiple punishment for the same conduct. *See* 1 C. Wright, Federal Practice and Procedure § 142 (1969). We question whether multiple punishment could be imposed for the same $200 bribe simply because the decision of more than one official was to be affected. *Cf. Busic v. United States,* —— U.S. ——, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); *Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978) (interpretation of federal enhancement statute prohibiting use of a firearm in the course of a felonious act). Insofar as Count III was concerned, only one bribe was given on one occasion.

9. Rule 7(d) reads:

   "The court on motion of the defendant may strike surplusage from the indictment or information."