**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**MAY 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RONALD TODD PAPA,

Defendant-Appellant.

No. 02-6313
(D.C. No. CIV-00-1290-M)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **HARTZ** , **BALDOCK** , and **McCONNELL** , Circuit Judges.

After examining appellant's brief and the appellate record, this panel has

determined unanimously to grant appellant's request for a decision on the briefs

without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case

is therefore ordered submitted without oral argument.

Defendant-appellant Ronald Todd Papa appeals the district court's decision

denying him collateral relief from the sentence he received for conspiring to

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

defraud the United States. [1] This court, on its own motion, ordered this appeal abated pending our en banc decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (per curiam). Having decided *Hahn*, we now vacate our order abating this appeal.

Papa and his co-defendant were officers and directors of a medical supply company, Destin Health Care, Inc. The Health Care Financing Administration (HCFA) initiated an administrative proceeding to look into possible improprieties with Destin's Medicare claims for 1993 and the first part of 1994. As part of those proceedings, the HCFA held an administrative hearing in August 1999 to address a Medicare carrier's allegations that Destin had filed four million dollars in fraudulent Medicare claims during that time period. *See* Aplt's App. at 18. At that hearing, Destin challenged the method the carrier had used to calculate that loss. *See id.* at 19-20.

A month after the administrative hearing, but while the HCFA's decision was still pending, the United States indicted Papa and his co-defendant on one count of conspiring to defraud the United States, *see* 18 U.S.C. § 371, and one

---

[1]     This court previously granted Papa a certificate of appealability on his 28 U.S.C. § 2255 claims challenging both the length of his sentence and the amount of restitution ordered. *See* 28 U.S.C. § 2253. To the extent Papa is appealing the district court's decision denying him coram-nobis relief, he does not need a COA. *See United States v. Torres*, 282 F.3d 1241, 1245 n.6, 1247 n.9 (10th Cir. 2002).

count of filing false or fraudulent claims with the United States, *see* 18 U.S.C. § 287. In October 1999, Papa, as well as his co-defendant, agreed to plead guilty to the conspiracy count, in exchange for the government's moving to dismiss the false-claims count. In his plea agreement, Papa apparently agreed, and never objected, to the government's calculation that Papa's criminal conduct resulted in the United States losing over eight million dollars. *See* Aplt's App. at 30, 31 (Dist. Ct. Order). Based upon that eight-million-dollar loss calculation, the district court sentenced Papa to thirty months' imprisonment, followed by three years' supervised release, and ordered Papa to pay over ten million dollars in restitution, representing the United States' eight-million-dollar loss plus interest.

Several months after his sentencing, the HCFA issued its decision, based upon the earlier administrative hearing. The HCFA concluded that the Medicare carrier had failed to support all of its claims adequately, and reduced the alleged four-million-dollar loss to just over $16,000 for 1993 and just over $4,000 for the first part of 1994. *See id.* at 18-23 (HCFA decision). Based on that administrative decision, Papa then filed a 28 U.S.C. § 2255 motion challenging the length of his sentence and the ten-million-dollar restitution award.

As an initial matter, we note that, as part of his plea agreement, Papa waived his right to appeal or to pursue any collateral relief. *See* Aplt's App. at 6 (Papa's amended mem. supporting § 2255 motion). That waiver, nevertheless,

-3-

does not deprive this court of jurisdiction to consider this appeal. *See Hahn* , 359 F.3d at 1320, 1324 (considering direct criminal appeal). Moreover, the government did not argue that Papa's plea-agreement waiver precludes these collateral proceedings. *See* Aplt's App. at 32. Because ultimately Papa's claims lack merit, we will assume the government has waived this argument.

Turning to the merits of Papa's claims, he first challenges the length of his imprisonment and supervised release, as based upon the government's eight-million-dollar loss calculation. The district court, however, held that Papa had procedurally defaulted this claim by not objecting to the loss calculation until his § 2255 motion. We agree.

Papa argues that he has cause excusing this default, because his current claim rests on newly discovered evidence - the HCFA's administrative decision issued after his sentencing. But, while the HCFA did not issue its decision until after the district court had sentenced Papa, the administrative hearing underlying that decision occurred prior to the government even indicting, let alone sentencing, Papa. And during that administrative hearing, Destin was able to challenge the Medicare carrier's method for calculating the government's loss. Before his criminal proceedings, therefore, Papa was aware, or should have been aware, of the grounds Destin had already used to challenge the government's loss calculation at the administrative hearing. Yet, in his criminal case, Papa never

objected and, in fact, agreed to the government's eight-million-dollar loss calculation. *See* Aplt's App. at 30, 31. Papa, therefore, has failed to establish cause excusing his procedural default. [2] *See, e.g., Strickler v. Greene*, 527 U.S. 263, 287 (1999) (noting defendant will be unable to establish cause where he was previously aware of factual basis for claim, but failed to raise it earlier).

Further, although a § 2255 motion may be the appropriate method for challenging a federal conviction for the first time, where "[t]he facts relied on are dehors the record and their effect on the judgment was not open to consideration and review on appeal," *Waley v. Johnston*, 316 U.S. 101, 104 (1942); *see also Bousley v. United States*, 523 U.S. 614, 621-22 (1998), again Papa has failed to establish that the means to challenge the government's loss calculation were unavailable to him at the time the district court sentenced him.

We would further note that it is not at all clear from the appellate record that Papa's criminal case and the HCFA administrative proceedings addressed the same time frame and the same claims. For one thing, the administrative hearing addressed four million dollars' worth of allegedly fraudulent claims, while the government's presentencing report, in these criminal proceedings, alleged twice

---

[2] Although this court can still generally overlook a procedural default if declining to review a claim would produce a fundamental miscarriage of justice, this procedural-bar exception does not apply to claims like Papa's, challenging a non-capital sentence. *See United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993).

that much.  Additionally, the   district court noted that, while the HCFA

proceedings addressed "only . . . whether the services [Destin provided] were

medically necessary and whether the services were documented," the criminal

indictment instead charged more broadly that Destin's false Medicare claims

involved claims for supplies that 1) it never provided; 2) were not reimbursable;

3) were not medically necessary; 4) did not have a Florida "point of sale;" and

5) involved the "non-collection of co-payments."  Aplt's App. at 30, 35 (Dist. Ct.

Order at 2, 7).  Based upon these differences in the scope of the administrative

and criminal proceedings, therefore, the district court concluded that "the HCFA's

Hearing Officer's decision would have had only a small impact on the

government's proof of loss."  *Id.* at 35 (Dist. Ct. Order at 7).  Papa has not

specifically challenged these distinctions drawn by the district court.

Papa next challenges the amount of restitution the district court ordered.

He cannot challenge that award under § 2255, however, because he is not

"claiming the right to be released" from custody based on that claim.  28 U.S.C.

§ 2255.  *See, e.g., United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003),

citing cases, *cert. denied*, No. 03-9320, 2004 WL 473818 (U.S. Apr. 19, 2004).

And, even if Papa could, instead, seek coram-nobis relief from the restitution

order,  *see Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997), that

relief is not warranted here.    Coram-nobis relief is available only to correct errors

that result in a complete miscarriage of justice. *See, e.g., United States v. Haga*, 931 F.2d 642, 645 (10th Cir. 1991) (quotation omitted). In order to obtain coram-nobis relief based upon newly discovered evidence, Papa must still show, among other things, "that due diligence on his part could not have revealed the evidence prior to" sentencing. *Klein v. United States*, 880 F.2d 250, 253-54 (10th Cir. 1989). Papa has failed to make that showing.

For these reasons, this court's order abating this appeal is VACATED and the judgment of the district court is AFFIRMED.

Entered for the Court


Michael W. McConnell
Circuit Judge