## UNITED STATES v. JENKINS.

### Cr. No. 117–51.

United States District Court
D. Nebraska, Omaha Division.

Aug. 6, 1952.

Edward J. Tangney, Asst. U. S. Atty., Omaha, Neb., District of Nebraska, for plaintiff.

Tom Kelley, Omaha, Neb., for defendant.

DONOHOE, Chief Judge.

The defendant, Ralph Jenkins, filed a motion to vacate the sentence imposed upon him in this case following his voluntary entry of a plea of guilty to the charge of aiding the escape of a federal prisoner. 18 U.S.C.A. § 752. A hearing on the motion was set and on the day of the hearing counsel of the defendant's own choosing filed an amended motion for vacation of sentence incorporating therein, in legalistic form, the allegations contained in the original motion filed by the defendant and adding thereto certain additional matters relating to the sufficiency of the information and the extent of the sentence. Since the

**6**

new issues raised by the amended pleading were purely legal, and not factual, the court permitted the amended motion to be filed and proceeded with the hearing. After careful consideration of all the competent evidence adduced at the proceeding the court makes the following special

### Findings of Fact:

1) At every stage of the proceedings in question the defendant was represented by an able and competent criminal lawyer of his own choosing, namely: Mr. Warren Schrempp of Omaha, Nebraska.

2) After adequate advice by competent counsel and with an understanding of the nature of the charge contained in the single count of the information filed in this case the defendant voluntarily entered his plea of guilty.

3) Neither Mr. Wells, nor Mr. James, of the Federal Bureau of Investigation, nor any other officer or agent of the United States threatened, or made any promises to the defendant, Ralph Jenkins, or his family, in an effort to coerce the defendant to enter the beforementioned plea of guilty.

4) The defendant, Ralph Jenkins, was not influenced in any way in the entry of his plea of guilty by statements made by Mr. Wells, or Mr. James, or any other officer or agent of the United States, to the defendant or his family.

### Conclusions of Law.

1) Since the defendant has failed to establish that his plea of guilty was coerced by federal law enforcement officers, and since in fact it was not so coerced, he is not entitled to relief under the holding of Waley v. Johnston, 316 U.S. 101, 62 S. Ct. 964, 86 L.Ed. 1302.

2) By voluntarily pleading guilty the defendant admitted all material facts charged in the information and his plea amounted to a conviction of the offense charged in the information. Dalton v. Hunter, 10 Cir., 174 F.2d 633.

3) It is only under exceptional circumstances that the sufficiency of an indictment or information may be made the subject of collateral attack after conviction. Barnes v. United States, 8 Cir., 1952, 197

F.2d 271; Rowley v. United States, 8 Cir., 191 F.2d 949; Keto v. United States, 8 Cir., 189 F.2d 247. Since no exceptional circumstances have been shown to exist in the case under consideration the question of the sufficiency of the information is not properly before the court. However, even if it were, the court would be constrained to hold that the information sufficiently charges an offense against the laws of the United States. 18 U.S.C.A. § 752. Cf. Risken v. United States, 8 Cir., 1952, 197 F.2d 959; Hewitt v. United States, 8 Cir., 110 F.2d 1.

4) The four-year sentence imposed upon the defendant is not in excess of that provided by law. 18 U.S.C.A. § 752.

5) The defendant is not entitled to relief since this court had jurisdiction of the matter, the sentence was authorized by law, and there was no denial or infringement of the defendant's constitutional rights. 28 U.S.C.A. § 2255.