## UNITED STATES v. BICKFORD.

### No. C–2956–Prescott.

United States District Court
D. Arizona.

Dec. 15, 1952.

Frank E. Flynn, U. S. Atty., Phoenix, Ariz., for the United States.

Bickford, in pro. per.

WALSH, District Judge.

Defendant Bickford, presently confined at the United States penitentiary at Leavenworth, has filed herein a motion pursuant to 28 U.S.C. § 2255, seeking orders of this court: (1) granting a writ of habeas corpus ad testificandum to provide for his attendance as a witness at a hearing upon his motion; (2) vacating and setting aside the judgment and sentence imposed upon him in this cause on June 16, 1947; and (3) releasing him from custody. A brief review of the history of the case up to the present date is necessary in order to place the defendant's motion, and the court's views thereon, in proper perspective.

Defendant, together with one John Richard Carson, was charged by an indictment

in two counts returned and filed in the United States District Court, Phoenix, Arizona, on March 13, 1947, with violations of 18 U.S.C., § 408,[1] (Dyer Act) as charged in Count One, and 18 U.S.C., § 408a[2] (Kidnapping) as charged in Count Two.

On March 27,. 1947, defendant appeared before Judge Dave W. Ling for arraignment and, upon being advised of the nature of the charges against him and of his constitutional rights, he requested the assistance of counsel. Counsel was thereupon appointed and arraignment was continued to April 7, 1947. On the last mentioned date, defendant was duly arraigned and his counsel moved to dismiss Count Two of the indictment. The motion was argued and submitted at that time, and the case was passed for plea until the ruling on the motion.

On April 14, 1947, defendant's motion to dismiss Count Two was denied, and April 15, 1947, was fixed as the time for plea. On April 15, 1947, defendant was before the court with his counsel; he entered a plea of not guilty, and the case was set for trial on June 12, 1947.

On June 12, 1947, when the case came on for trial, defendant was present with his counsel and withdrew his plea of not guilty and entered a plea of guilty as charged. Time for passing sentence was thereupon fixed for June 16, 1947, on which date, defendant being present with his counsel, he was adjudged guilty as charged in both counts of the indictment and sentenced to a term of 20 years.

On October 18, 1948, defendant filed a motion based on 28 U.S.C. § 2255, seeking the vacation of the judgment and sentence and his release from custody. The motion alleged that, at the time sentence was imposed, defendant was on parole from a California state prison, that he was under the jurisdiction of the California parole officials, and this court, therefore, was without jurisdiction to impose sentence upon him. His motion included an affidavit of poverty and a petition to proceed as an indigent person, and requested the appointment of counsel to represent him. Promptly upon the filing of the motion, Judge Ling appointed counsel for the defendant and set the motion for hearing on November 8, 1948. Hearing on the motion was had on the date fixed; the matter was presented by counsel appointed for the defendant and by the United States Attorney; and at the conclusion of the hearing, the motion was denied by the court.

On November 29, 1948, defendant filed a Notice of Appeal from the order denying his motion to vacate judgment and sentence. On the same date, he filed, also, a "Petition for Leave to Appeal and Motion for Permission to Proceed on Appeal from this Court in Forma Pauperis". The last mentioned petition and motion were denied by Judge Ling on December 7, 1948, and, contemporaneously with such denial Judge Ling made and filed a certificate under 28 U.S.C. § 1915, that the proposed appeal was frivilous and not taken in good faith.

On January 6, 1949, the original file in the case was forwarded to the United States Court of Appeals for the Ninth Circuit. Defendant's motion to proceed in forma pauperis was denied and his appeal was dismissed by the Court of Appeals on January 12, 1949.

On May 12, 1949, defendant instituted a new effort to have the judgment and sentence vacated, filing herein an "Application for Writ of Error Coram Nobis", together with his petition to act as his own counsel and to proceed in forma pauperis. The ground upon which he based his "Application" was identical with that upon which he relied in his earlier motion, viz: that this court was without jurisdiction to enter judgment or pass sentence upon defendant because he was under the jurisdiction of the California parole authorities. On May 27, 1949, the "Application" was denied by Judge Ling.

On December 11, 1950, defendant once more bottomed on 28 U.S.C. § 2255, an attack upon the validity of his sentence and imprisonment, filing herein what he captioned as a "Petition for Release from Ille-

1. 1948 Revised Criminal Code, 18 U.S.C.A. §§ 2311–2313.

2. 1948 Revised Criminal Code, 18 U.S.C.A. § 1201.

gal Imprisonment Pursuant to the Provisions of Title 28, Section 2255, U.S.C.". Defendant assigned as the bases for his petition that: (1) he did not enter a valid and lawful plea of guilty to the charge contained in Count Two of the indictment; (2) he was not afforded the "effective assistance" of counsel to which he was entitled in his defense; (3) the court had no jurisdiction in that venue was improperly laid in the District of Arizona; and (4) the judgment and sentence imposed is indefinite, ambiguous and uncertain.

Defendant filed with his "Petition for Release", two additional pleadings; (a) a petition for writ of habeas corpus ad testificandum, seeking his attendance at the hearing upon his petition; and (b) an affidavit of bias against Judge Ling. Pursuant to the affidavit, on January 8, 1951, defendant's petitions were referred to District Judge Claude McColloch, specially assigned, for consideration.

Judge McColloch, after studying and considering the files and records in the case, including the official reporter's transcript of the proceedings on arraignment, plea, and sentence, on March 2, 1951, entered orders denying the petition for release and the petition for a writ of habeas corpus. A Memorandum Opinion was filed by Judge McColloch concurrently with the entry of the orders. D.C., 96 F.Supp. 580.

On April 10, 1951, defendant appealed from Judge McColloch's orders and on March 19, 1952, the United States Court of Appeals for the Ninth Circuit entered its order affirming Judge McColloch's disposition of defendant's petitions.

The motion now under consideration, which was referred to me because of the affidavit of bias filed against Judge Ling, again alleges that defendant was without the effective assistance of counsel when he entered his plea and when he was sentenced, and that he would not have pleaded guilty if he had the effective assistance of counsel. In addition, the present motion alleges that defendant's guilty plea was induced solely by coercion on the part of one of defendant's "Jailors at the Phoenix County Jail", and because defendant was threatened and intimidated by "certain others of law enforcement authorities".

Insofar as defendant's motion is based upon the ground of lack of effective assistance of counsel, the same ground was one of the bases for the petition determined adversely to defendant by Judge McColloch. D.C., 96 F.Supp. 580, 581, affirmed March 19, 1952, 9 Cir., 194 F.2d 1013. Consequently it need not and should not be now considered again.

As to the ground that defendant's plea of guilty was obtained by threats and compulsion, the same is without merit because defendant makes no charge that his plea was coerced by federal law enforcement officers.[1] United States v. Jenkins, D. C.Neb., 106 F.Supp. 5; Boyden v. Smith, 9 Cir., 183 F.2d 189; Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302.

I have the further opinion that defendant's motion should be denied because of the express provisions of 28 U.S.C. § 2255 regarding successive motions thereunder, and because I am satisfied from my review of the whole record in the case, particularly the several previous attacks made by defendant upon the judgment and sentence, that the present motion is not made in good faith but is the product of defendant's having made himself thoroughly familiar with all of the recent Federal court decisions wherein sentencing courts have

---

1. In a document prepared and verified by defendant personally, filed in this court on June 6, 1949, captioned "Petitioners Traverse in Answer to 'Memorandum in Opposition' Files by the United States Attorney", defendant disavowed all claim that *any public officer* had acted unlawfully in the handling of his case. He stated:

"The defendant, petitioner-herein, has at no time accused any public officers of unlawful conduct; Nor has he ever accused the United States Attorney of such * * *. Petitioners application for a Writ of Error of Coram Nobis is not an accusation of any public officer for unlawful conduct, it only seeks the review and correction of errors— which appears to have been made in the Case at bar".

been held to have acted without jurisdiction notwithstanding a defendant's plea of guilty.

28 U.S.C. § 2255 provides, inter alia, that:
"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

Not only is the present motion the defendant's *fourth* application for similar relief, i. e., vacation of his sentence, but it is the second time that he has based his claim for relief upon the same grounds, i. e., deprivation of his constitutional rights.[2]

It may be contended that, notwithstanding defendant has made earlier motions for similar relief, and even though such earlier motions were based upon the same grounds, his present motion sets out a different factual basis and, accordingly, he must be brought into court and permitted to testify regarding the claimed facts.

But, remarkably, when defendant was claiming in his earlier attacks on the judgment and sentence that his plea of guilty was not voluntarily or knowingly entered, he made no mention whatever of any threats or coercion by his jailer or any other law enforcement official. Remarkably, too, his present claim is interposed in the face of his earlier statement that he accused no public officer of any unlawful conduct in connection with his case. See footnote 1, supra.

I cannot believe that the plain language of 28 U.S.C. § 2255, granting the court discretion not to entertain a second or successive motion for similar relief on behalf of the same prisoner, must be interpreted to require the court to hear fully such prisoner just as often as he may be able to devise different fact situations upon which to predicate his claim for relief.

The several motions of the defendant, viz: to set aside and vacate the judgment and sentence, to discharge him from custody, and for a writ of habeas corpus ad testificandum, are denied.

2. One of defendant's grounds in the petition determined by Judge McColloch, D. C., 96 F.Supp. 580, was that he pleaded

guilty because "he was mislead, coerced and deceived" by his counsel. Petition, filed December 11, 1950. page 5.