**UNITED STATES of America,**
Plaintiff,

v.

**Clifford BUSH, Defendant.**

**Cr. No. 8080.**

United States District Court
S. D. W. Va., Huntington Division.

Oct. 20, 1955.

Duncan W. Daugherty, U. S. Atty., Huntington, W. Va., for plaintiff.

Edward H. Greene and Philip A. Baer, Huntington, W. Va., for defendant.

WATKINS, District Judge.

In this case the defendant was indicted, at the October, 1954 term of the United States District Court, Southern District of West Virginia, at Huntington, West Virginia, for possession, removal, and concealment of nontaxpaid whiskey. On October 21, 1954, the defendant, in the presence of his self-employed attorney, entered a plea of guilty to the indictment and was subsequently sentenced to prison for three and one-half years. He did not appeal from this sentence, but after almost a year has elapsed, he now seeks to have his sentence set aside under 28 U.S.C.A. § 2255.

The defendant alleges as grounds to set aside or vacate his sentence that (1) he was arrested without a warrant, (2) his automobile was searched without a warrant, and (3) he was misled by his attorney to plead guilty, because his attorney promised him probation if he would so plead.

■ On motion attacking a judgment of conviction in a federal court, a claim that the movant was illegally apprehended by state officer does not show ground for relief under Section 2255, since this is not the action of a federal officer. Boyden v. Smith, 9 Cir., 183 F.2d 189. It was held in Newman v. United States, 87 U.S.App.D.C. 419, 184 F.2d 275, that relief was properly denied a prisoner who plead guilty, and who later alleges illegal arrest. The sentence and confinement are not the result of the illegal arrest, but from the conviction upon his plea of guilty. See also Winston v. United States, 2 Cir., 224 F.2d 337.

 A defendant, convicted upon a plea of guilty, will not be heard to complain about the illegality of the search and seizure, because the evidence so obtained has not been used against him. A voluntary plea of guilty constitutes an admission of guilt and a waiver of all non-jurisdictional defects. United States v. Sturm, 7 Cir., 180 F.2d 413; Winston v. United States, 2 Cir., 224 F.2d 337.

■ An allegation that the defendant was tricked by his attorney into entering a plea of guilty upon the promise and expectation of a light sentence or probation is not a proper matter to be raised by statutory motion to vacate sentence. Such matters should have been asserted in the trial court and by appeal. Crowe v. United States, 4 Cir., 175 F.2d 799.

The petition should be denied.