**UNITED STATES of America,**
**Appellee,**

v.

**Robert BRADFORD, Appellant.**

**No. 7, Docket 23826.**

United States Court of Appeals
Second Circuit.

Argued Oct. 1, 1956.

Decided Nov. 5, 1956.

E. F. W. Wildermuth, Jamaica, N. Y., for appellant.

Paul W. Williams, U. S. Atty., for the Southern District of New York, New York City (Whitney North Seymour, Jr. and Maurice N. Nessen, New York City, of counsel), for appellee.

Before FRANK, MEDINA and HINCKS, Circuit Judges.

MEDINA, Circuit Judge.

On December 12, 1949, appellant was convicted of the crime of using the mails in a scheme to defraud, 18 U.S.C. § 1341. He has served his sentence and is no longer subject to parole or probation. In reliance upon the ruling of the Supreme Court in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, however, appellant claims the judgment of conviction is void, and he has attacked it on various grounds, most of which were disposed of when Judge Weinfeld dismissed appellant's first application for a writ of error *coram nobis* on November 23, 1953, as "entirely lacking in merit or substance." United States v. Bradford, D.C., 122 F.Supp. 915, 920. The appeal from Judge Weinfeld's order was dismissed for lack of prosecution on October 20, 1955.

Since then appellant discovered that the attorney assigned by the Court to defend him, who had been for more than twenty years a member of the Bar of the State of New York, in good standing, had failed to make formal application for admission to practice before the United States District Court for the Southern District of New York or for leave to try appellant's case as his counsel.

The sole question before us on this appeal is whether the fact that appellant was represented at his trial by a lawyer who had failed to comply with Rule III of the General Rules of the District Court for the Southern District of New York relative to the admission of members of the Bar to practice before that court [1] makes appellant's conviction void as violative of his rights under the Sixth

1. Rule III, in effect October 28, 1943 through February 29, 1952 provided:

"Any person who is a member in good standing of the Bar of the State of New York, or of the Bar of the State of New Jersey, or who has been duly admitted to the Bar of either of those states when a member in good standing for five years of the Bar of some other state or territory or possession or the District of Columbia or of a foreign country, may be admitted to practice in this Court on compliance with the following provisions:

"Each applicant for admission shall file at least five days prior to the hearing thereon, with the Clerk of this Court, a written petition for admission, duly sworn to, setting forth the time when and court where admitted and his legal training and experience at the Bar. This petition shall be accompanied by affidavits of two attorneys of this Court stating where and when affiants were admitted to practice in this Court, how long and under what circumstances such attorneys have known petitioner, and stating what affiants know of petitioner's character and experience at the Bar. Such petition shall be placed at the head of the Motion calendar, and, on the call thereof, one of the attorneys whose affidavits accompany the petition shall move the admission of the petitioner, and if admitted, the petitioner's oath of office shall be taken in open Court.

"Any member in good standing of the Bar of any state or of any United States District Court may upon motion be admitted to argue or to try any cause in whole or in part as counsel or advocate. Only an attorney or proctor of this Court may enter appearances for parties, sign stipulations or receive payment upon judgments, decrees or orders."

Rule 3, now in force, was promulgated on March 1, 1952, and differs in many respects from that quoted above.

Amendment to the Constitution of the United States, which provides: "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defense." Judge Ryan denied the petition for a writ of error *coram nobis*, without opinion.

We think appellant's point is wholly without merit. The failure to comply with Rule III was a mere inadvertence, which in no way caused any infringement of appellant's constitutional rights; nor does it justify any inference that counsel was not in every way competent to represent appellant and do whatever was required of him as defense counsel. Indeed, Judge Weinfeld has already found: "At each and every stage of all proceedings had with respect to the aforesaid indictments, the defendant at all times had the advice and assistance of competent counsel and was duly and properly represented." United States v. Bradford, supra, 122 F.Supp. at page 920.

We have no doubt that, had either counsel or the trial judge been aware of the omission, a motion to admit counsel for the purpose of trying the particular case would have been promptly granted. It is inconceivable that the failure to take this purely formal step caused any prejudice to appellant. See United States v. Wight, 2 Cir., 176 F.2d 376, 378, certiorari denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586. Moreover, had counsel been of appellant's own choosing, in the absence of some showing that he lacked the qualifications necessary for the performance of his duties as defense counsel, it would seem that the trial judge, at least in a criminal case, would have been required to permit him to proceed, despite the fact that counsel had not been admitted to practice in the District. United States v. Bergamo, 3 Cir., 154 F.2d 31.

Nothing to the contrary was held by the Tenth Circuit in Mays v. United States, 10 Cir., 216 F.2d 186, where the claim that the judgment of conviction was void, for violation of rights under the Sixth Amendment, was rejected below without a hearing, despite the fact that there was an allegation that counsel for petitioner had not been admitted to practice in either the state or federal courts in Kansas, where the case was disposed of. The allegation relative to the status of counsel at least raised an inference of incompetency, and Mays merely stands for the proposition that, on the inadequate record there before the court, the petition should not have been summarily disposed of without a hearing.

The allegation here that after the trial had proceeded for a time "appellant was induced by the fraud and coercion" of his said counsel to plead guilty, is purely conclusory and on that account insufficient to support the application. United States v. Pisciotta, 2 Cir., 199 F.2d 603. Furthermore, the same claim seems to have been urged before Judge Weinfeld on the prior motion but was dropped when the government offered in evidence a letter written by appellant, after sentence, thanking the prosecutor for his "moderate recommendation," in connection with the sentence imposed.

Affirmed.