**UNITED STATES of America**
v.
**Nathan J. WARREN, Defendant.**
**Crim. No. 45366.**

United States District Court
E. D. New York.
Dec. 8, 1959.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for United States, Alfred Sawan, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

William W. Kleinman, Brooklyn, N. Y., and Harold Riegelman, New York City, for defendant.

ABRUZZO, District Judge.

The present motion is made under and pursuant to Title 28 U.S.C.A. § 2255, seeking relief as provided in that section. It reads as follows:

"§ 2255. *Federal custody; remedies on motion attacking sentence*

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. * * * "

The basic grounds urged by the defendant are as follows: (1) That the sentence was imposed in violation of the Constitution, Sixth Amendment, because the defendant was deprived of his right to counsel and because he was deprived of his right to trial by jury; and (2) that the sentence is otherwise subject to collateral attack on the facts submitted in this motion which were not before the Court at the time the defendant was sentenced.

A brief history of this case is relevant. The defendant pleaded guilty to Counts 1, 2 and 3 of the indictment. At the time of this plea the defendant was asked the usual questions by the Clerk on every plea of guilty taken before this Court. Two of these questions were as follows: (1) Are you taking this plea voluntarily? (2) You realize that on this plea of guilty the Court has the right and may sentence you to jail?

Basically the defendant was charged in these three counts with fraudulently making a false oath and concealing in excess of $25,000 assets in a bankruptcy proceeding. The pre-sentence report shows that the defendant admitted he failed to disclose approximately $65,000 in assets belonging to him at the time he filed the petition for bankruptcy. He received a discharge in bankruptcy in December, 1954. Throughout the proceedings he declared assets amounting to $35 in cash.

As a result of this plea on April 3, 1959, this Court sentenced the defendant to a three-year sentence on each count, the sentences to run concurrently. He is now in jail serving that sentence.

At the time of his plea of guilty he was represented by a very capable and

outstanding lawyer named Menahem Stim. Whether he took this plea of guilty pursuant to the advice of his counsel or contrary to his advice is of no consequence.

United States v. Miller, 2 Cir., 254 F. 2d 523, at page 524, states as follows:

"Denial of the motion was plainly correct. After conviction on a plea of guilty validly accepted by the trial judge, the defendant cannot by asserting his innocence obtain a retrial of the facts. As stated in Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 'Like a verdict of a jury it [the plea] is conclusive.' Godish v. United States, 10 Cir., 182 F.2d 342, 343 is to the same effect. * * * Finally, the claim that his attorney was inefficient is of no avail on a motion under § 2255 unless counsel's failure was such as to make the trial 'a mockery of justice,' United States v. Wight, 2 Cir., 176 F.2d 376, 379. * * * *"

■ The defendant was represented by counsel of his own choosing, an able, experienced and efficient attorney. His public record attests to this fact. He has tried many important criminal cases and this defendant was ably represented at the time he took his plea. These factors dispose of the claim that his sentence was imposed in violation of the Constitution's Sixth Amendment.

The moving affidavits stress the fact this defendant took the plea of guilty on the advice of one Voloshen who apparently is an attorney admitted to the Bar in Maryland and who had been the defendant's legal advisor for many years, and, secondly, that the bankruptcy petition did not reflect the true facts relevant to his creditors. The petition lays emphasis on the fact that Voloshen was not admitted to the Bar in this State and that Voloshen directed the inclusion of a number of obligations, either overstated, paid or barred by the statute of limitations. These factors are not determinative of the issue laid bare by the criminal indictment.

■ It is noteworthy that the indictment was the result of some facts discovered after he was discharged in bankruptcy in December, 1954. In April, 1955, approximately a year and a half after the discharge it was discovered that he had a net worth of $223,961.01. His affidavits upon this application now assert that most of these assets, or a great proportion of them, were owned by his wife. She was the recipient of an inheritance in the amount of $93,000. It is quite debatable how much of the assets of $223,961.01 were actually owned by the defendant. Suffice it to say that he admitted to the probation department that he failed to disclose at the time of his bankruptcy approximately $65,000 in assets. Whether he was innocent of the charge when he pleaded to the indictment or not is not at issue, for his plea of guilty overcomes any contention which the defendant now asserts that would warrant a retrial to prove his innocence. United States v. Miller, supra.

Singularly, Voloshen was not the defendant's attorney of record in the bankruptcy proceeding. These proceedings show that Lewis H. Ullman represented him. He is a New York attorney admitted to both the state Bar and the Bar of this District.

Some six or seven months have expired since the plea and this Court has no way of knowing what harm a delay in the trial might have caused. Any delay would certainly work to the advantage of the defendant, and this particular point of view is buttressed by the fact that after he was sentenced a motion was made to reduce the sentence, or to suspend sentence on the defendant, due only to the fact that the sentence was too great or unwarranted. That motion laid emphasis on Barbara Warren's affidavit, his wife, because she stated in the affidavit the following:

"I came to New York, having come to visit my husband. I visited him at the Federal Prison in Danbury, Connecticut, last Monday, April 27th, and spent approximately

three hours with him. It is because of what I saw during my visit with him, how the incarceration has affected my husband, mentally as well as physically, that I am making this affidavit in support of a plea which I was informed my husband's attorneys will make to this Court to reconsider the sentence imposed upon my husband and permit him to return to his family, of course under strict supervision or whatever conditions the Court may impose."

Upon that motion Burton Turkus, a very competent and efficient lawyer, well known in this community to be versed in criminal motions, argued at length. It was denied. Upon the argument the Court pointed out to Mr. Turkus the illuminating criminal record of the defendant which is quite interesting and is as follows:

| | | |
|---|---|---|
| 12/28/37 | – Conspiracy | – Cambridge, Mass.<br>– Dismissed. |
| 1/19/38 | – Larceny | – Cambridge, Mass.<br>– Sentence suspended. |
| 12/2/38 | – False Pretences<br>(Larceny) | – Boston, Mass.<br>– 12/9/58 discharged. |
| 2/8/46 | – Conspiracy<br>(Confidence Scheme) | – Cook County Court<br>Chicago, Ill.<br>– 5/20/46 placed on Prob., terminated 3/4/48. |
| 7/26/48 | – Fugitive from<br>Justice | – Minneapolis, Minn.<br>– 7/31/48 turned over to Denver, Colo. authorities. |
| 7/31/48 | – Confidence Scheme | – Denver, Colorado<br>– No disposition shown.<br>Deft. states charge was dismissed. |
| 10/18/48 | – Grand Larceny | – San Francisco, Calif.<br>– 4/21/49 dismissed. |
| 2/4/49 | – Fugitive from Justice | – San Francisco, Calif.<br>– 4/22/49 turned over to N. Y. authorities. |
| 4/22/49 | – False Statement as to Securities and Grand Larceny, 1st degree | – General Sessions Court<br>New York<br>– 6/7/49 sent. to 1 yr. 3 mo. to 2 yrs. 6 mo.; on 12/13/50 sent. changed to 1 yr. to 1 yr. 6 mo. Nunc pro tunc and deft. was released. |

Defendant's record was considered as an additional reason for not reducing the sentence.

United States v. Weese, 2 Cir., 145 F. 2d 135, is an appropriate citation. The Court stated as follows (at page 136):

"If on so flimsy a basis as this, amounting, at least at the actual time of plea, to no more than counsel's hope for a suspended sentence, a plea of guilty may be withdrawn, it is obvious that an accused may safely indulge in a plea of guilty as a mere trial [test] balloon, to test the attitude of the trial judge, being reasonably secure in the knowledge

that he can withdraw it without great difficulty."

■ The present petition again charges that Voloshen advised the defendant to plead guilty on the assumption that he would receive a very light sentence or a suspended sentence. Assuming this misadvice was given it would not entitle defendant to withdraw at this time his plea of guilty and stand trial.

In Crowe v. United States, 4 Cir., 175 F.2d 799, the defendant contended he was tricked by his attorney into entering a plea of guilty by the promise of a light sentence. The Court denied the motion stating that the defendant was represented by two attorneys other than the one charged with trickery and, further, that the matters complained of could have been raised at the proceedings in which sentence was imposed. See also, United States v. Bradford, 2 Cir., 1956, 238 F.2d 395.

The courts have repeatedly held where no promises have been made by the prosecution, or the court, or government employees to induce a guilty plea, mere reliance on the promise by one's own attorney that a light sentence would be imposed is not a ground for relief from the sentence imposed. United States v. Bush, D.C.W.Va.1955, 135 F.Supp. 3; Meredith v. United States, 4 Cir., 1953, 208 F.2d 680; Tabor v. United States, 4 Cir., 1953, 203 F.2d 948; Ridgeway v. United States, 6 Cir., 1953, 205 F.2d 680; United States v. Jenkins, D.C.Neb. 1952, 106 F.Supp. 5.

In United States v. Paglia, 2 Cir., 1951, 190 F.2d 445, a similar motion to this one was granted only to determine if the plea was induced by promises of the prosecuting attorney. In that situation there might be a clear basis for the relief requested. There are cases supporting the rationale of the Paglia decision wherein agents of the Government, or the United States Attorney, or any agent of the Government who seemed to have power to influence the court's sentence, induced a defendant to plead guilty. Under these circumstances, relief might be granted.

The Government has submitted several affidavits disputing the contentions raised in the defendant's petition. Nathan P. Voloshen signed and swore to an affidavit dated November 12, 1959, in which he denies categorically that he made any promises to the defendant. He swore further that defendant knew he was not admitted to the Bar in this State, and the bankruptcy petition filed by the defendant with Lewis H. Ullman as his attorney is corroborative of Voloshen's affidavit. Singularly, Voloshen attaches a letter dated April 5, 1959, which he received from the defendant's wife after the sentence was imposed. This letter indicates the defendant knew or expected he would be sent to jail by the Court. Certainly the letter in no way takes Voloshen to task for his activities on behalf of the defendant. The paragraph next to the last reads as follows:

I will close with affection for you as always * * * I know we will continue to be friends * * * we have one much loved man that we share the common bond of love and friendship for and with and this alone would prevent any misunderstandings between Barbara Warren and Nathan Voloshen * * * so lets us be friends, and understand one another with no false hopes handed in kindness from you to me.

In United States v. Bradford, supra, a situation somewhat analogous, this was said by Judge Medina writing the opinion of the Court (238 F.2d at page 397):

"The allegation here that after the trial had proceeded for a time 'appellant was induced by the fraud and coercion' of his said counsel to plead guilty,' is purely conclusory and on that account insufficient to support the application. United States v. Pisciotta, 2 Cir., 199 F.2d 603. Furthermore, the same claim seems to have been urged before Judge Weinfeld on the prior motion

but was dropped when the government offered in evidence a letter written by appellant, after sentence, thanking the prosecutor for his 'moderate recommendation,' in connection with the sentence imposed."

The second part of Section 2255, Title 28 U.S.C.A. reads as follows:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing. * * *"

I, therefore, make the following findings:

(1) That the defendant freely and voluntarily entered a plea of guilty to Counts 1, 2 and 3 at the time of entering the plea. He was warned and advised as is the custom of this Court in every plea of guilty that the Court reserves to itself the power and right to sentence the defendant to jail, and the plea was taken upon that condition.

(2) That the sentence was not violative of the Constitution's Sixth Amendment as I find that the defendant was not deprived of his right to counsel. He had able, efficient and experienced counsel. He was not deprived of his right to trial by jury as he voluntarily waived his right to a trial by jury by his plea of guilty.

(3) I find no collateral facts submitted on this motion which entitle the defendant to any reduction in sentence.

(4) I find Voloshen did not make any promise to the defendant that he would receive a light sentence or a suspended sentence, and the defendant could not possibly have believed that Voloshen was in any position to make such a promise. The defendant entered a plea of guilty voluntarily.

This Court has made these findings without a court hearing, for in view of the circumstances and facts contained in the voluminous affidavits there appears no reason for the production of the defendant in court and a protracted hearing held herein. The findings have been made based upon the motion and the files and records of the case which indicate conclusively that the defendant is entitled to no relief.

In conclusion, a perusal of the defendant's criminal record would strongly indicate that the defendant was conversant with criminal law. He knew the difference between taking a plea of guilty and going to trial. He was quite aware of the risk of going to trial.

The motion, therefore, is denied.