**UNITED STATES of America, Plaintiff-Respondent,**

v.

**Eddy Ray MESSIMER, Defendant-Petitioner.**

**No. CV 84–6976–AAH.**

**(Ancillary to No. CR 70–6114–AAH.)**

United States District Court, C.D. California.

Dec. 7, 1984.

Asst. U.S. Atty. Sharon McCaslin, Los Angeles, Cal., for plaintiff-respondent.

---

David Sperber, Encino, Cal., for defendant-petitioner.

ORDER DENYING Defendant-Petitioner Messimer's MOTION PURSUANT TO 28 U.S.C. 2255; IN THE ALTERNATIVE, PETITION FOR WRIT OF ERROR, CORAM NOBIS; and AMENDED PETITION FOR CORAM NOBIS

HAUK, Senior District Judge.

. The defendant-petitioner has filed and lodged with this Court some six motions, petitions and applications, variously titled, and consisting of thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish. The Court has analyzed and examined all of this and has concluded that one Motion and one Petition contain and best summarize all of the intelligible claims and contentions of defendant-petitioner. These are:

1. MOTION PURSUANT TO 28 U.S.C. § 2255, AND IN THE ALTERNATIVE PETITION FOR WRIT OF ERROR, *CORAM NOBIS*, on September 17, 1984.

2. AMENDED PETITION FOR WRIT OF ERROR, *CORAM NOBIS*, on November 30, 1984.

This Court has made and entered its customary Order Directing the Filing of a Response and Transcript of Proceedings, attached hereto as Exhibit A.

Pursuant to said Order, Assistant U.S. Attorney McCaslin, on November 20, 1984, filed on behalf of plaintiff-respondent a Response, which includes a verbatim Reporter's Transcript of proceedings before the Honorable Harry Pregerson, sitting as Criminal Duty Judge of this Court, on June 8, 1970, when defendant-petitioner Messimer pleaded guilty. This Reporter's Transcript was filed with this Court on November 13, 1984, and is attached hereto as Exhibit B.

Upon review and examination of said Response and Reporter's Transcript, this Court finds facts as follows:

On June 8, 1970, defendant-petitioner Messimer, entered a plea of guilty to a one-count indictment charging him with theft of mail in violation of 18 U.S.C. § 1708. (R.T. 8). Prior to taking defendant's plea, the Honorable Harry Pregerson advised all defendants in the Courtroom, including defendant-petitioner Messimer, of their constitutional rights. (R.T. 3–7). The rights explained to defendants included the right: (1) to have assistance of counsel, appointed if necessary, at all stages of the proceedings; (2) to a speedy and public trial by twelve jurors who must return a unanimous verdict, or a trial by the Court if jury is waived; (3) to confront and cross-examine witnesses; (4) to have the Court compel production of evidence and attendance of witnesses favorable to the defense; (5) to testify in one's own defense, or not to testify because one cannot be compelled to testify against oneself; and (6) to bail except in capital cases. (R.T. 3–4). Judge Pregerson advised defendants that by pleading guilty they waived the right against self-incrimination, right to trial and right to confront witnesses. (R.T. 5).

Judge Pregerson explained to defendants that the law presumes a defendant is innocent, and a defendant is not required to prove his innocence; rather, the burden is on the government to prove every element of the crime charged beyond a reasonable doubt. (R.T. 4). Judge Pregerson further advised defendants that before the Court can accept a guilty plea, it must determine that the plea was made voluntarily, with an understanding of the nature of the charge and consequences of the plea and that there was a factual basis for the plea. (R.T. 6). Further, before accepting a guilty plea, Judge Pregerson told defendants he expected each defendant to have discussed his case fully with his attorney, including possible defenses and the maximum sentence. (R.T. 6). Defense attorneys were told that the Court would ask if they had fully advised their client and if they believed their client's plea was voluntarily and understandingly made. (R.T. 7).

Judge Pregerson admonished defendants that: (1) they should not plead guilty un-

less they were in fact guilty of the charges; (2) they should not plead guilty if threats had been made against them or members of their family to force them to plead guilty; and (3) they should not plead guilty if promises of leniency or a particular sentence, probation or any other inducement had been made to get them to plead guilty because only the judge has the authority to impose a sentence or grant probation. (R.T. 7).

Thereafter the Court addressed defendant-petitioner Messimer personally, and asked if he had received and read a copy of the indictment; and twice asked whether he had heard and understood the constitutional rights previously explained. To these questions defendant Messimer responded affirmatively (R.T. 8, 9). Defendant Messimer, after waiving reading of the indictment, pleaded guilty to the charge. (R.T. 8). In the official file, the minute order of June 8, 1970, reflects that defendant Messimer executed a form acknowledging advisement of his constitutional rights.

The Court then asked defendant Messimer if he was fully aware of the nature of the offense charged to which defendant responded affirmatively (R.T. 8, 9).

Defendant Messimer then told the Court what the maximum penalty was for the offense—a $2,000 fine and 5 years imprisonment. (R.T. 9). Defendant Messimer acknowledged that because he was twenty years old he could receive a Youth Corrections Act sentence which could run as long as six years. (R.T. 9).

Defendant Messimer also said he understood by pleading guilty he was waiving his rights to a trial and to confront witnesses and also his privilege against self-incrimination. (R.T. 9, 10). Defendant Messimer denied that he was pleading guilty because of threats made to him or his family and denied that he had been coerced or forced to plead guilty by anyone. (R.T. 10). Defendant Messimer acknowledged he was pleading guilty because he was in fact guilty of the offense charged and for no other reason and that his plea was entirely free and voluntary. (R.T. 10).

Defense attorney, David Sperber, and defendant Messimer agreed that they had fully discussed the case. (R.T. 10). Attorney Sperber also confirmed that no meritorious defenses existed; that defendant's constitutional rights were observed; that there was a basis in fact for the guilty plea; and that in his opinion the plea was made understandingly and voluntarily. (R.T. 11).

Defendant Messimer was sentenced by Judge Pregerson on July 7, 1970, to 54 days, which was actually the time he had already served. (Official file, minutes and Abstract of Order of Judge Pregerson, July 7, 1970.)

Defendant-petitioner Messimer contends in his aforesaid Motion, Petition and Amended Petition that his sentence upon his plea of guilty should be vacated or corrected because:

(1) he was coerced into making his guilty plea by threats from postal inspectors, the Assistant United States Attorney and his own defense attorney;

(2) he was not informed of his right to a jury trial or privilege against self-incrimination nor did the Court personally address him and ask if he understood the charge, the mandatory sentence, and if the plea was voluntarily entered without threats or promises;

(3) he was denied effective assistance of counsel because his attorney failed to investigate a possible insanity defense; and

(4) that during his incarceration in the Maximum Security Unit of Arkansas State Prison, Tucker, Arkansas, for a State offense, he has met a fellow prisoner, one Teddy Waller, who could have given alibi testimony.

Upon said facts this Court concludes as matters of law the following with respect to defendant-petitioner's contentions:

A. *Coercion to Plead Guilty*

██ Defendant's allegations of threats and other coercion supposedly causing him to plead guilty are conclusory and insuffi-

cient and do not support setting aside or correcting his sentence: *United States of America v. Bradford,* 238 F.2d 395 (2d Cir.1956). Defendant acknowledged in open Court that he was pleading guilty because he was in fact guilty and that he was not induced to plead guilty because of any threats or promises made to him. (R.T. 10). Such a declaration in open Court carries a strong presumption of truth. *See United States v. Moore,* 599 F.2d 310, 314 (9th Cir.1979), *cert. denied,* 444 U.S. 1024, 100 S.Ct. 687, 62 L.Ed.2d 658 (1980).

### B. *Advisement of Constitutional Rights*

The Reporter's Transcript of the hearing establishes that defendant was given his constitutional rights, including the right against self-incrimination and right to a jury trial. (R.T. 3–7). The transcript also shows that defendant acknowledged that he understood these rights; that he understood the charge and the mandatory sentence (which he recited); and that the plea was voluntarily entered without threats or promises. (R.T. 8, 9, 10).

### C. *Effective Assistance of Counsel*

Defendant Messimer also alleges that his defense counsel was ineffective because he did not explore the possibility of an insanity defense. Defendant acknowledged he had enough time before his plea to discuss his case fully with his attorney. (R.T. 10). Defense counsel Sperber told the Court he was satisfied no meritorious defenses could be raised. (R.T. 11).

■ To reverse a conviction based on a claim of ineffective assistance of counsel, a defendant must show: (1) acts or omissions of counsel which were not the result of reasonable professional judgment; and (2) that such acts or omissions prejudiced the defense. *Strickland v. Washington,* 466 U.S. ——, —— - ——, 104 S.Ct. 2052, 2063–67, 80 L.Ed.2d 674 (1984). In this case defendant has shown neither that his counsel acted unprofessionally or unreasonably in not pursuing an insanity defense; nor

that counsel's acts in any way prejudiced his defense.

### D. *Purported Alibi Testimony*

■ Since defendant-petitioner pleaded guilty freely and voluntarily on July 7, 1970, the purported "alibi testimony" of the fellow Arkansas State prisoner whom he met for the first time in the Arkansas State Prison in 1984 is irrelevant because moot, by reason of his guilty plea.

This Court therefore makes and enters the following:

### ORDER

Pursuant and in light of the foregoing Findings of Fact and Conclusions of Law, it is clear that no evidentiary hearing need be held in this matter. An evidentiary hearing is not required on a motion to vacate sentence if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief ..." 28 U.S.C. § 2255. Moreover, the records of this case demonstrate that defendant-petitioner was adequately represented and was not prejudiced by his counsel's conduct. This is not a situation where a defendant's counsel failed to show the defendant a presentence report containing factual errors as in *United States v. Donn,* 661 F.2d 820, 825 (9th Cir.1981). Finally, the Reporter's Transcript conclusively shows that defendant-petitioner's claims and contentions of constitutional rights violations and guilty plea coercion are totally incorrect and unfounded.

Equally and beyond any peradventure of a doubt, defendant-petitioner is not and cannot be entitled to a vacation or correction of his sentence upon his voluntary plea of guilty; he is not and cannot be entitled to a new trial; and he is not and cannot be entitled to any relief whatsoever.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court must and does deny defendant-petitioner's said Motion, Petition

and Amended Petition without an evidentiary hearing.

2. This Court must and does refuse to vacate or correct the sentence imposed on July 7, 1970, by Judge Pregerson, of 54 days, the time theretofore served by defendant-petitioner in custody, and based upon his voluntary plea of guilty on June 8, 1970, with the resultant conviction of the offense of theft from United States mail sacks in violation of 18 U.S.C. § 1708.

3. Any and all relief with respect to said sentence by Judge Pregerson on July 7, 1970, must be and is moot and frivolous, and the Court orders defendant-petitioner Messimer to take notice thereof and to cease and desist from lodging or filing any and all further motions, petitions, applications and requests for any relief from said sentence.

4. The Court further orders and directs the Clerk of this Court to refuse to lodge or file any further such motions, petitions, applications or requests from defendant-petitioner Messimer and to return each and every of the same forthwith, upon receipt, to defendant-petitioner Messimer.

5. The Clerk of this Court is directed to file and enter this Order and serve copies hereof upon defendant-petitioner Messimer, upon Asst. U.S. Atty. Sharon McCaslin, Los Angeles, Cal., and upon David Sperber, Encino, Cal.

EXHIBIT A

ORDER DIRECTING THE FILING OF A RESPONSE AND TRANSCRIPT OF PROCEEDINGS

The petitioner having filed the attached motion for relief pursuant to 28 U.S.C. § 2255 and motion to treat same as a writ of error coram nobis, and it appearing to the Court that a response should be required,

IT IS ORDERED that the respondent, United States of America, and its counsel of record, the United States Attorney, Central District of California, and David Sperber, attorney for the defendant at the time of petitioner's plea of guilty before, and sentencing by, the Honorable Harry Pregerson, designated and acting for and on behalf of Judge A. Andrew Hauk on July 7, 1970, shall, within thirty (30) days from the receipt of this order, file and serve such responses to the motions as they deem appropriate, including affidavits and declarations of facts.

IT IS FURTHER ORDERED that Samuel Goldstein, the court reporter at the time of said plea of guilty and sentencing, shall prepare, file and serve a transcript of the proceedings of said plea and sentencing herein, July 7, 1970, which transcript shall be filed not more than thirty days after receipt of this order.

DATED: 10/18/84

/s/ A. Andrew Hauk
A. Andrew Hauk
Senior U.S. District Judge

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HONORABLE HARRY PREGERSON, JUDGE PRESIDING

UNITED STATES OF AMERICA, Plaintiff,

vs.

EDDY RAY MESSIMER, Defendant.

CR 70–6114–AAH

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

June 8, 1970

Reported by:
Samuel Goldstein,
Official Reporter,
United States District Court
Transcribed by:
Samuel Goldstein,
Official Reporter (Retired).
United States District Court

INDEX Page:

Statement by the Court and advisement of constitutional rights
to all defendants .............. 997–998

Arraignment and plea of Defendant Messimer ................ 998–999

## LOS ANGELES, CALIFORNIA; MONDAY, JUNE 8, 1970

THE COURT: Good morning, ladies and gentlemen. I am sorry for the delay this morning. I was tied up in instructing a jury in another court.

Before the arraignment and plea calendar is called I want to explain the procedures followed in this court, and I want to advise all the defendants of their constitutional rights.

Each defendant is here this morning because he has been charged with a violation of federal law and this is the time fixed for arraignment and plea. This means that you will be informed of the charges against you as set forth in the indictment or information, and you will be called upon to plead either guilty or not guilty to the charges.

It is important for each defendant to know that every person charged with a crime has the following constitutional rights: You have the right to be represented by and to have the assistance of an attorney at all stages of the proceedings. If a defendant does not have the funds or means to hire an attorney the Court can and will appoint an attorney to represent the defendant without cost or expense to the defendant.

You have the right to a speedy and public trial. You have the right to a trial by a jury of twelve people or a trial by the Court sitting without a jury if the jury trial is waived. If the defendant is tried by a jury the verdict of the jury must be unanimous on the issue of innocence or guilt.

You have the right to be confronted by all witnesses testifying against you, and you have the right to cross-examine those witnesses.

You have the right to use the power and process of the court to compel the production of any evidence and the attendance of any witnesses in your favor.

You have the right to testify in your own defense, but you cannot be compelled to testify or to be a witness against yourself. And except in capital cases you have the right to be admitted to bail pending trial.

It is also important for you to know that the law presumes a defendant to be innocent of crime, and that a defendant is not required to prove his innocence, but that the burden is always on the Government to prove by competent evidence the defendant's guilt beyond a reasonable doubt of every essential element of the crime charged.

Now, when your case is called for arraignment you will be asked if you heard and understood the statement of the Court concerning your constitutional rights.

Now, if you enter a Not Guilty plea your case will be transferred to another judge of this court for trial setting and for all further proceedings. The name of the judge will be drawn after your Not Guilty plea. All motions are reserved and must be made before the judge to whom the case is transferred.

Now, if you enter a Guilty plea, then the sentencing will be handled by me.

I might add that I am taking this arraignment and plea calendar for the last time. Judge Hauk, whom I am relieving, will pick it up next Monday.

Now, I also want you to know that by entering a Guilty plea a defendant waives or gives up three of his constitutional rights. And they are, his privilege against compulsory self incrimination, his right to a trial by a judge or jury, and his right to confront the witnesses against him.

Now, in those cases where a defendant enters a plea of Guilty, his case will be referred to the Probation Officer for presentence investigation and report and the matter will be set down for a probation and sentence hearing. And we will have a date for that.

What is the date?

THE CLERK: July 7th, Your Honor.

THE COURT: July 7th.

THE CLERK: One P.M.

THE COURT: At 1:00 P.M.

Now, before accepting a guilty plea, the Court is required to determine whether the plea is made voluntarily and with an understanding of the nature of the charge and the consequences of the plea, and if there is a factual basis for that plea. And if these conditions are met the Court will accept the guilty plea.

Now, with reference to entering a "Guilty" plea I want to admonish you not to plead guilty unless you are in fact guilty of the charge made against you in the indictment or information. Do not plead "Guilty" if there have been any threats made against you or any members of your family by anyone to force you to plead guilty.

Do not plead "Guilty" if there have been any promises of leniency or a particular sentence, probation, or any other inducement of any kind made to you by anyone to induce you to plead guilty. No one has authority to promise leniency, and no one can impose sentence or grant probation except the judge.

Further, before accepting a plea of guilty the Court expects that each defendant has discussed his case fully with his attorney; that he has been advised of any defenses that he might have. And, also, before accepting a guilty plea a defendant will be asked if he has been advised of the maximum sentence which may be imposed by the Court on the charge to which the defendant offers a plea of "Guilty."

Defendant's counsel will be asked if he has fully advised the defendant and if he believes the defendant's offer to plead "Guilty" is voluntarily and understandingly made.

Now, before I call the calendar the Court requests all attorneys, that when your case is called you indicate immediately whether the plea is to be a "Not Guilty" plea or a "Guilty" plea. If it is to be a Not Guilty plea there will be an immediate assignment. If the plea is to be a guilty plea it will be held for the second calendar call.

All motions for bail or release will be held until the third calendar call. And in presenting any bail motion, please fill out Bail Reform Act form number one.

Now, the clerk has designated members of the indigent panel to represent many defendants here this morning. The attorneys so designated are hereby appointed in the respective cases to which they have been assigned.

Now, the Court will now call the calendar. I will call the priority calendar first.

(Thereupon, other cases were called.)

THE COURT: We will now have the second call of the calendar.

(Thereupon, additional cases were called.)

THE COURT: The next one is 49 on the calendar. U.S.A. vs. Eddy Ray Messimer.

Mr. Sperber. This will be a guilty plea?

MR. SPERBER: Yes, Your Honor.

THE CLERK: Eddy Ray Messimer, is that your true and correct name?

THE DEFENDANT: Yes.

THE CLERK: Did you hear and understand the statement of the Court pertaining to your constitutional rights?

THE DEFENDANT: Yes.

THE CLERK: Did you receive a copy of the indictment?

THE DEFENDANT: Yes.

THE CLERK: Do you wish to have that indictment read to you in open court?

THE DEFENDANT: No.

THE CLERK: Counsel, is the defendant ready at this time to enter a plea?

MR. SPERBER: Yes, he is.

THE CLERK: Eddy Ray Messimer, how do you plead to the one-count indictment, Guilty or Not Guilty?

THE DEFENDANT: Guilty.

THE COURT: You have read the indictment, Mr. Messimer? You have read the indictment?

THE DEFENDANT: Yes.

THE COURT: I take it you are fully aware of the nature of the offense that you are charged with in that indictment?

THE DEFENDANT: Yes.

THE COURT: Has your attorney advised you of the maximum penalty that you could receive?

THE DEFENDANT: Yes.

THE COURT: What is that?

THE DEFENDANT: $2,000 or five years.

THE COURT: Or both?

THE DEFENDANT: Or both.

THE COURT: Is that correct, Mr. McIntyre?

MR. Mc INTYRE: Yes it is, Your Honor.

THE COURT: How old are you?

THE DEFENDANT: Twenty.

THE COURT: Do you understand that the Court could sentence you to a Youth Correction Act sentence and that sentence could conceivably run as long as six years; is that clear to you?

THE DEFENDANT: Yes.

THE COURT: Did you hear and understand the Court's statement of your constitutional rights?

THE DEFENDANT: Yes.

THE COURT: Is it clear to you that if you plead Guilty you waive three of those rights—your privilege against compulsory self incrimination, your right to a jury trial, and your right to face the witnesses against you, is that clear to you?

THE DEFENDANT: Yes.

THE COURT: Have you discussed the case fully with Mr. Sperber?

THE DEFENDANT: Yes.

THE COURT: Has anyone made any threats against you or any member of your family to force you to plead guilty?

THE DEFENDANT: No.

THE COURT: Is your Guilty plea entirely free and voluntary?

THE DEFENDANT: Yes.

THE COURT: And you are pleading Guilty because in truth and in fact you are guilty as charged in the indictment and for no other reason?

THE DEFENDANT: Yes.

THE COURT: Have you been coerced or forced by anyone to plead Guilty to the indictment?

THE DEFENDANT: No.

THE COURT: Have you had enough time to discuss this case fully with Mr. Sperber?

THE DEFENDANT: Yes.

THE COURT: Mr. Sperber, have you fully discussed this case with the defendant?

MR. SPERBER: Yes, I have, Your Honor.

THE COURT: Are you satisfied that there are no meritorious defenses that you might raise?

MR. SPERBER: Yes, I am.

THE COURT: Are you satisfied that his constitutional rights have been observed?

MR. SPERBER: Yes, I am.

THE COURT: And that there is a basis in fact for his Guilty plea?

MR. SPERBER: Yes, there is.

THE COURT: Do you concur in his offer to plead Guilty?

MR. SPERBER: Yes, I do.

THE COURT: And that his guilty plea is voluntary and understandingly made, in your opinion?

MR. SPERBER: Yes, it is.

THE COURT: Very well. The Court finds that his guilty plea is freely and voluntarily made with an understanding of the nature of the charge and the consequences of the plea, and that there is a basis in fact for the plea, and the Court orders that the plea be entered and accepted.

MR. SPERBER: Your Honor, I wonder if this might be an appropriate case for immediate sentence. Mr. Messimer is twenty years old. He has had prior crimi-

nal involvement. He was on parole for a burglary charge in the State of Texas, he is in violation of that parole, there is a hold on him. Other than that he has had no criminal involvement. Apparently he is going to be going back to Texas.

THE COURT: I am not inclined to do that.

MR. SPERBER: Thank you.

THE COURT: The matter will be referred to the probation office for pre-sentence investigation and report and set on this Court's calendar. 1:00 P.M., July 7, 1970.

All right. The next matter is 50. Are you ready to move on yours, Mr. Winsburg?

(Whereupon, the Court proceeded with other court matters.)

REPORTER'S CERTIFICATE

I hereby certify that I am an Official Reporter for the United States District Court, Central District of California (Retired).

I further certify that on the date indicated herein, June 8, 1970, I was a duly appointed, qualified, and acting Official Reporter for the United States District Court, Central District of California, assigned to the courtroom of Honorable Judge Harry Pregerson.

I further certify that I reported the proceedings herein by means of shorthand (Stenotype) * and by means of a tape recorder; and that I did on November 9, 1984 personally listen to the tape and personally transcribe the proceedings herein, and that the foregoing 12 pages comprise a true and correct transcript of the proceedings had in the above-entitled cause on the date specified therein.

/s/ Samuel Goldstein
Samuel Goldstein
Official Reporter (Ret'd.)

* NOTE: The federal archives in Laguna Niguel have informed the Clerk's office in Los Angeles

Dated at Los Angeles, California this 12th day of November 1984.

that shorthand notes for this period in 1970 were destroyed in *January 1984.*