**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Larry CRAWFORD, Defendant—
Appellant.**

No. 01–16783.
D.C. Nos. CV–01–03108–DLJ,
CR–98–40163–DLJ.

United States Court of Appeals,
Ninth Circuit.

Submitted April 10, 2002.*

Decided April 24, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Crawford's motion to defer submission in order to permit new counsel to determine whether to move for reinstatement of oral argument is DENIED.

Before BEEZER, THOMAS, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Petitioner Larry Crawford brings an ineffective assistance of counsel ("IAC") claim, seeking habeas corpus relief under 28 U.S.C. § 2255. Crawford challenges both the length of his sentence and the voluntariness of his plea agreement, arguing that both resulted from the ineffective assistance of his lawyer, Peter Till. We

conclude that Till's assistance was not ineffective and we affirm the district court's denial of Crawford's habeas petition.

■ We review the district court's denial of Crawford's § 2255 federal habeas petition de novo. *United States v. Christakis,* 238 F.3d 1164, 1168 (9th Cir.2001). A defendant claiming ineffective assistance of counsel must demonstrate (1) that counsel's actions were outside the wide range of professionally competent assistance, and (2) that the defendant was prejudiced by reason of counsel's actions. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Crawford's arguments that his counsel was ineffective largely boil down to two contentions. First, Crawford argues that because his counsel was not admitted to the federal bar in California, he was ineffective. Second, Crawford generally argues that the very fact of his conviction and the length of his sentence demonstrates that his counsel was ineffective.

■ Because Till was licensed to practice law in New Jersey at the time he represented Crawford, his failure to gain admission to the federal bar in California does not render his assistance ineffective per se. Although "the sixth amendment guarantee of counsel means representation by an attorney admitted to practice law," *United States v. Hoffman,* 733 F.2d 596, 599 (9th Cir.1984), this court has not construed the sixth amendment to require that an attorney be admitted to practice law in the particular federal jurisdiction where a defendant is tried. We will not hold that a lawyer's assistance was per se ineffective just because "there is a defect in counsel's bar status." *Id.* at 600. A lawyer's failure to be admitted to the federal bar does not "justify any inference

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that counsel was not in every way competent to represent appellant and do whatever was required of him as defense counsel." *United States v. Bradford*, 238 F.2d 395, 397 (2d Cir.1956). Although Till was later reprimanded by the New Jersey Bar, he was never suspended from practice and was licensed to practice law the entire time he represented Crawford. Although Till's failure to complete the formality of being admitted to practice before the federal bar in California may be weighed into an overall determination of whether he was professionally competent, it does not establish, by itself, that his representation of Crawford was ineffective.

■ The remainder of Crawford's IAC claims lack merit. Crawford argues that Till failed to investigate the factual background of his case, but the record does not support this assertion. Crawford also argues that Till assured him that he would not be sentenced to any jail time, and that this assurance constitutes a misrepresentation by Till amounting to ineffective assistance. However, the Sentencing Guidelines allowed the district court to exercise discretion in imposing a sentence for an offense in Crawford's range, and that sentence could have been probation. Therefore, if Till told Crawford that he thought Crawford would not be incarcerated, he was not outside the bounds of professional competence in doing so. More importantly, the district judge informed Crawford at the plea hearing that the court, rather than Till, would determine the sentence imposed.

Crawford also argues that because the Army sent him a letter threatening to take "civil action," Till should have argued that the Army was estopped from bringing a criminal suit against him. As the district court noted, the Justice Department's decision to indict Crawford was wholly out of the control of the Army, and separate from any action the Army's transportation department might have contemplated taking.

■ Crawford also argues that Till did not zealously argue for a lower sentence or for no incarceration, as he had promised he would. However, the transcript of the sentencing hearing belies this assertion. Till argued at length first that the two-level upward enhancement should not apply, and then for the low end of the range with an alternative to incarceration. Crawford's sentence is not outside the Guidelines range, and was imposed in spite of Till's argument that it was excessive.

■ Given that Till did not render ineffective assistance to Crawford, there is no reason to believe that Crawford's guilty plea was not voluntary. He signed the plea bargain and he repeatedly told the judge that he understood the plea, that he understood the consequences, and that he was acting voluntarily. He is therefore bound by his plea. The fact that Till may have told Crawford that he would not do jail time is irrelevant. "[A] plea of guilty entered by one fully aware of the direct consequences of the plea is voluntary in a constitutional sense" unless induced by threats or misrepresentations. *Bousley v. United States*, 523 U.S. 614, 619, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal quotation omitted). Crawford cannot show that he was the victim of threats or misrepresentations or that he was not fully informed of the consequences of his plea.

AFFIRMED.